*C. C. Nave*, for appellant.

---

### Ex Parte McKee.

CLERK'S FEES.—The last clause of section five of the act of 1865, (Acts 1865, p. 70,) which gives a per diem of three dollars for attendance upon court, is a part of the schedule of sheriff's fees. The clerk is not entitled to the allowance.

APPEAL from the *Putnam* Common Pleas.

ELLIOTT, C. J.—At the close of the *February* term, 1867, of the Putnam Common Pleas, *McKee*, the clerk of said court, filed a claim against the county for $48, for sixteen days service in attending court during said term as clerk thereof, at three dollars per day, and asked that the same be allowed by the court. The allowance was refused and he appeals here.

The claim is based on the last clause of section 5 of the act regulating fees of officers, &c., as amended in 1865.

Acts 1865, p. 70. That clause is as follows: "For attending court, per day, three dollars." The original section, (5,) in the act of 1855, and as amended in 1865, commences thus: "The sheriff's fees shall be as follows:" then follows an itemized sheriff's fee bill. The last clause of the section as it stood before the amendment of 1865, provided that "clerks and sheriffs shall be entitled to receive such reasonable allowance for extra services as the board of county commissioners may think right and proper, to be paid out of the county treasury." The various items of sheriff's fees are stated in the same form, and stand in the same relation to each other in the amended section as in the original. The clause in controversy, however, was not in the original section, but is added at the close of the section as amended, and consequently follows the provision authorizing the board of county commissioners to allow sheriffs and clerks for extra services. But each item of fees, as stated in the section, is independent of the others; and though the last item allowing three dollars per day for attending court follows the provision relating to allowances for extra services by the county board, it is an independent item, having no relation to that which precedes it, and must therefore be governed by the statement in the beginning of the section, that "the sheriff's fees shall be as follows." The subject of the section is sheriff's fees. The clause under consideration does not designate the officer to whom the per diem for attending court shall be allowed, and it can only be ascertained by reference to the subject of the section, to-wit: sheriff's fees. In the absence of express words including the clerk in the provision, the reason, if any, for doing so, may be looked to in determining the intention of the legislature; but we do not perceive anything in that view of the question to aid the appellant. Very many of the duties devolving on the sheriff, as the officer of the court in term, are without any specific fees. They cannot be taxed to parties litigant, and may well justify such an allowance. The same reason does not seem to

apply to the clerk, as for every material service rendered by him in term, the law attaches a remunerating specific fee. He is in attendance upon the court because the duties of his office, for which he is amply paid, are there to be performed, and no reason is seen why an additional compensation should be given him from the county treasury, simply because of his presence in court.

The judgment of the court below is affirmed, with costs.

GREGORY, J., *dissenting.*—I cannot concur in the opinion of the court. I think the act of *March* 3d, 1865, (Acts 1865, p. 70,) too plain for construction. The act amended, is that regulating the fees of officers. The subject matter is not the fees of sheriffs, and the fifth section of the original act does not wholly relate to such fees, but contains a provision in relation to clerks. The portion of the act under consideration is this: "Clerks and sheriffs shall be entitled to receive such reasonable allowance for extra services as the board of county commissioners may think right and proper, to be paid out of the county treasury. "For attending court, per day, three dollars." By what rule of grammatical or legal construction can the latter clause be made to relate to sheriffs alone, and not to clerks? It is said that the section relates to the fees of sheriffs. But does it not also relate to the compensation of clerks? It is idle to say that there is no reason for such a compensation to clerks. This is a matter for the legislature to consider, and not the courts.

I think the action of the court below was wrong, and against the general practice of the Circuit and Common Pleas Courts of the State.

*D. E. Williamson* and *A. Daggy,* for appellant.