Rudisill *v.* Edsall.

*November term, 1872.

---

## RUDISILL *v.* EDSALL.

COUNTY CLERK.—*Allowance for Attendance in Court.*—A circuit court has no legal power to make an allowance to the clerk for his daily attendance in court during the year 1870; and if such allowance has been made, the auditor is not bound to issue a warrant therefor.

From the Allen Circuit Court.

*R. Brackenridge* and *W. H. Jones,* for appellant.

*L. M. Ninde,* for appellee.

DOWNEY, C. J.—Edsall is clerk of the circuit court of Allen county, and Rudisill is the auditor. The circuit court made certain allowances to Edsall, at the rate of three dollars *per diem,* for attending court, while he was acting as such clerk, during the year 1870. Edsall presented certificates of these allowances to Rudisill, and demanded of him a warrant on the treasurer for the amount, which Rudisill refused to issue. Thereupon Edsall commenced this proceeding by mandate to compel him to issue the order. The circuit court sustained the claim of Edsall to the relief demanded, and rendered judgment accordingly, from which Rudisill appealed.

The question, and the only question, presented for our decision is, whether or not there is legal authority for the allowance to the clerk of the circuit court of three dollars per day for the time during which he attends the sittings of the court in the discharge of his official duties. The question seems to have been decided adversely to the appel-

Rudisill *v.* Edsall.

lee in *Ex parte McKee*, 28 Ind. 100. It is conceded by counsel for appellee that the claims, for which an order was sought on the treasury, are not for extra services under section five of the act of 1865, Acts 1865, p. 70, which authorizes the board of county commissioners to allow the clerk and sheriff for extra services. It is contended, however, that the board of commissioners does not possess the only power to make allowances out of the county treasury, and we are referred to the first six sections of chap. 3, 1 G. & H. 64. The first section prohibits the drawing of money from the treasury of the county except by authority of law, and according to the rules prescribed in the succeeding sections of the act. The second section empowers the auditor to draw his warrant for amounts fixed by law, or by a public record, etc. The third section allows him to draw his warrant for a sum allowed or certified to be due by any court of record authorized to use a seal, and having jurisdiction beyond that of justices of the peace, or by the board of commissioners.

These sections do not provide in what cases allowances may be made by the courts.

Section four authorizes the courts designated in the third section to allow sums to persons serving as assistants to the sheriff, in preparing the court-house for the reception of such courts, and in preservation of order, and in attendance upon juries, and to persons performing any services under the order of the court. But the number of such assistants employed shall never exceed the actual necessity of the case. This section cannot embrace the allowance of a *per diem* to the clerk. He is not such an officer or person as contemplated by the section. He does not attend upon the court or render services in consequence of any order of the court, but he attends by himself or deputy, because the proper discharge of his official duties and the statute require him to be present. 2 G. & H. 13, sec. 3.

Neither the fifth nor sixth section can have any relation to the question under consideration.

Rudisill *v.* Edsall.

Counsel also refer to the latter clause of sec. 29 of the fee law of 1855, 1 G. & H. 338, which provides, that, "whenever there shall appear a claim for official services rendered by any officer of a court of justice, and there does not appear to be any fees fixed by law as a compensation therefor, the court, judge, or justice, on application, shall make an order specifically fixing the allowance for such claim." We had not supposed, and do not now think, that the clause of the section in question has any reference to the allowance of a *per diem* compensation to a public officer. But we suppose that as the legislature had by the act undertaken to fix specifically the fees which officers should be entitled to and receive for their services, and as it was possible that some official act might be required by law for which no fee was fixed in the tariff of fees, the clause was inserted to meet such a case. If the clerk is entitled to a daily compensation for his time, in addition to the fees which he is entitled to for the official acts performed by him, which official acts he performs in open court as well as in his office, it is difficult to see why he should not have such daily allowance for the time when he is in his office as well as when he is in open court. Counsel attempt to make a distinction between services rendered for the county and those rendered for the court, and insist that the services in question were rendered for the court, and not for the county. This distinction is not very obvious. If the services were rendered for the court, and not for the county, it would seem to follow that the court, and not the county, should pay for them. But the appellee in this case is seeking his pay out of the county funds.

But it is said that all the clerk's entries could as well be made out of court as in it from the judge's minutes ; that he must keep his office open, as well as be present in court, but that as the law requires him to be in court, he should have an allowance for it. There has probably never been a time in the history of the State when the law did not require the attendance of the clerk, by himself or deputy, upon the courts of which he was clerk. We have not examined all

the statutes; but see R. S. 1843, p. 653, sec. 46; 2 G. & H. 13, sec. 3.    That the legislature in its various revisions of the fee law has never provided specifically for such *per diem* compensation, is very strong evidence that none such was intended.    Following the case of *Ex parte McKee, supra,* we must hold that the circuit court had no legal power to make the allowances in question, and that the auditor was not bound to issue his warrant therefor.    This case is decided, of course, without any reference to the act of March 8th, 1873, which was not in force when the services were rendered.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

Worden, J., was absent.