———————o———————

## KERR *v.* THE BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY.

COUNTY CLERK.—*Fees.*—The county clerk is not entitled to an allowance of three dollars per day for attendance as clerk upon the sessions of the circuit court or court of common pleas.

From the Fountain Circuit Court.

*Tipton & Peelle* and *L. P. Miller,* for appellant.

*S. F. Wood, J. Ristine,* and ——— *Dochterman,* for appellee.

BUSKIRK, J.—This action is founded on a claim filed before the Board of Commissioners of Fountain County, at

their March term, 1873, by the appellant, for the sum of six hundred and sixty-six dollars, for two hundred and twenty-two day's attendance on the sessions of the circuit and common pleas courts of said county, as the clerk thereof, at the rate of three dollars per day.

The claim was disallowed by the board of commissioners, and an appeal was taken to the circuit court.

In the circuit court, the appellant filed an amended complaint, setting out with greater particularity the claim and character of the services rendered. There was an answer in denial.

The issue was submitted to the court for trial, and resulted in a finding for the appellee, and the court overruled a motion for a new trial, and rendered judgment on the finding.

The appellant has assigned for error the overruling of the motion for a new trial.

There is no controversy as to the facts. It is conceded that the services were rendered as charged. If the appellant is entitled to recover, the value of his services is regulated by the statute.

The appellee relies upon the case of *Ex Parte McKee*, 28 Ind. 100, as settling the law adversely to the appellant. The learned counsel for appellant, who has strenuously and with marked ability argued against the correctness of the conclusion reached by the court in that case, frankly admits that if we adhere to such ruling, we must affirm the judgment below. We have given the question involved a careful and thoughtful consideration, and while some of us think the dissenting opinion of GREGORY, J., in that case is supported by the better reason, we have reached the conclusion that we ought not to overrule that case. The ruling in that case has been adhered to by the court as at present constituted, in the case of *Rudisill* v. *Edsall*, 43 Ind. 377. The overruling of these cases would result in much litigation and embarrassment, and we think it is better to adhere to the rule

established, than to re-open a controversy in the most of the counties in the State.

The judgment is affirmed, with costs.