GORDON *v.* THE BOARD OF COMMISSIONERS OF DEAR-BORN COUNTY.

ATTORNEY.—*Appointment of Attorney to Defend Poor Person.*—*Construction of Statute.*—Section 15 of the practice act (2 G. & H. 44), authorizing a court to appoint an attorney to defend a poor person, does not limit the power of the court to the appointment of only one attorney; the actual necessity of the case alone regulates the judicial discretion of the court in making such appointment.

SAME.—*Allowance by Court to Attorney for Defending Poor Person on Change of Venue.*—A circuit court, to which a change of venue has been taken for the trial of a felony, may appoint attorneys to defend the prisoner as a poor person, and make an allowance for the services of such attorneys, which shall have the same binding force upon the county from which the venue was taken as if made by the circuit court of that county.

From the Dearborn Circuit Court.

*J. Schwartz* and *Gordon, Browne & Lamb,* for appellant.

*H. D. McMullen,* for appellee.

BIDDLE, J.—This case was brought before this court on appeal from the Dearborn Common Pleas, and the complaint held good. 44 Ind. 475.

Wherein the present complaint differs from the former one, if at all, we do not know; but the facts alleged in the complaint now before us, "as finally amended," may be stated as follows:

That, at the September term of the Dearborn Circuit Court, 1870, McDonald Cheek was indicted for the murder of Thomas Harrison; that, on application of Cheek, a change

of venue was granted to the Franklin Circuit Court; that, on proper application, made to the Franklin Circuit Court by Cheek, the court appointed John Schwartz, a regular practising attorney, to assist Cheek in his defence; that afterwards, on the further application of Cheek, the said court also appointed the plaintiff to assist said Cheek in his defence, the said plaintiff also being a regular practising attorney therein; that the plaintiff, under said appointment, rendered eighteen days' services during the trial of said cause; that afterwards the Franklin Circuit Court ordered that the plaintiff be allowed the sum of two hundred dollars for said services so rendered on behalf of said Cheek, and that the auditor of Dearborn county should audit and allow the same, and draw his warrant therefor on the treasurer of said county, and that said treasurer should pay the same; that said services were reasonably worth said sum of two hundred dollars; that afterwards the plaintiff presented said order of appointment and allowance for said services, so made by the Franklin Circuit Court, to the board of commissioners of Dearborn county for allowance, and demanded payment thereof, which was refused; wherefore he demands judgment.

The several orders made by the court in the premises were filed as exhibits with the complaint.

A demurrer for the alleged want of sufficient facts was filed to this complaint, and, in obedience to the ruling of this court, heretofore made, was overruled. The appellee then answered in three paragraphs:

1. General denial.

2. " That at the time the plaintiff was appointed by the court to assist in the defence of said McDonald Cheek, as in his complaint stated, John Schwartz, an attorney of the Franklin Circuit Court, the counsel who had been previously first appointed by the court to defend the said Cheek, was present, ready to and did defend the said Cheek upon the charge in plaintiff's complaint mentioned, for which services they were ready to pay said Schwartz, and since

have paid the said Schwartz, which payment was made before the bringing of this suit, all of which this plaintiff well knew."

A third paragraph of answer was filed, similar to the second, upon which issue of fact was taken by general denial, after a demurrer for want of sufficient facts had been over-ruled, and exception taken. A demurrer to the second paragraph of answer was overruled, and exception taken. The plaintiff, not wishing to reply, abided by the demurrer, and judgment was rendered against him, from which he. appeals to this court.

The power of the court to appoint the appellant, on a second application, after it had appointed Schwartz on the first application, as stated in the answer, is denied by the appellee; and this raises the main question in the record.

Courts are established for the purpose of administering justice judicially, and their powers are coequal with their duties. The courts of England were originally created by the king's letters patent, but afterwards were established by act of parliament, with the king's assent. 3 Blackstone Com. 23–29. In this State, courts are created by the constitution and acts of the General Assembly (Const., art. 7, sec. 1), and, when once established and their jurisdiction defined, they have the inherent power to perform the duties required of them, whether expressly granted or necessarily implied.

In *Webb* v. *Baird*, 6 Ind. 13, this court held, and we think correctly, that the circuit court had the power to appoint an attorney to defend a pauper, from the necessity of the case, without a statute authorizing the appointment. This case was approved in *The Board of Commissioners of Fountain County* v. *Wood*, 35 Ind. 70, where the question is fully discussed. See, also, *Kerr* v. *The State*, 35 Ind. 288.

But it is contended by the appellee, that section 15 of the practice act, 2 G. & H. 44, "only authorizes the court to appoint an attorney, and does not confer the power to appoint two or more attorneys to defend," etc.; and that, "by assign-

ing Schwartz to conduct the defence, the authority of the court was exhausted; and therefore the appointment of Gordon afterwards was without authority."

We do not think the power to make such an appointment rests solely on the section cited. We have seen by the authorities, *supra,* that the power is inherent in the court, to be exercised whenever the administration of justice judicially requires it to be done. Besides, section 4 of the act authorizing allowances enacts, that the courts "may allow sums * * * * * to persons performing any services under the order of such court. But the number of such assistants employed shall never exceed the actual necessity of the case."

Sections 2 and 3 of the same act authorize the auditor to draw his warrant upon the treasurer for the amount of such allowances. 1 G. & H. 64.

In the present case, there is nothing in the paragraphs of the answer which are demurred to, to show that the appointment of Gordon, after Schwartz had been appointed, exceeded "the actual necessity of the case;" and such an appointment, being regulated by the judicial discretion of the court below, in full view of all the facts and circumstances, which cannot be so clearly shown here, would not be revised by this court, unless the power was plainly abused.

We may add, though it scarcely appears necessary, as the point is not contested, that the Franklin Circuit Court had complete jurisdiction of the case (2 G. & H. 407, sec. 79), and that the order of appointment and the allowance made had the same binding force upon the board of commissioners of Dearborn county as if the case had been tried in the Dearborn Circuit Court, and the order of appointment and the allowance made therein.

The judgment is reversed; cause remanded, with instructions to sustain the demurrers to the second and third paragraphs of answer, and for further proceedings.