TAYLOR *v.* THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

FEES AND SALARIES.—*County Clerk.*—*No Per Diem for Attendance on Circuit Court.*—*Statute Construed.*—The *per diem* allowance to the clerk, authorized by section 19 of the fee and salary act of March 31st, 1879, Acts 1879, p. 130, is intended only for his attendance upon the superior and criminal courts, and not for his attendance in the circuit court ; and there is now no statute authorizing a *per diem* allowance to the clerk for attendance upon the circuit court.

From the Washington Circuit Court.

*H. Morris*, for appellant.

*S. B. Voyles*, for appellee.

BIDDLE, J.—The appellant filed his claim, in the form of an account, against the appellee, for per diem services rendered in the Washington Circuit Court, as clerk there-

of, at the rate of two dollars, for eighty-six dollars, rendered during the August and October terms, 1879.

The appellee refused to allow the claim; the appellant appealed to the circuit court, wherein the case was tried by the court, and a finding had for the appellee. It was admitted on trial, that the appellant had rendered the services as charged, and that he was, during all the time, the clerk of the Washington Circuit Court. Appeal to this court.

The appellant claims for his services under section 19 of the act of March 31st, 1879, Acts 1879, p. 135, which enacts, that "for attending the criminal and superior courts, per day, and entering the record of the court, either in person or by deputy, the clerk shall receive two dollars, to be allowed by the judge of said court, and paid out of the county treasury."

This law, by its letter, confines such allowances to services in the criminal and superior courts, and does not mention the circuit courts; but the appellant contends, that, as the clerk of the circuit court is *ex officio* the clerk of the criminal and superior courts, and as the circuit court has general criminal jurisdiction, and as the services are of the same general character in all the courts, he is entitled, within the fair spirit and purpose of the act, to his per diem allowance in the circuit court, as well as in the criminal and superior courts.

It is a settled principle that, in construing a statute, the intention of the Legislature must govern. To ascertain this intention, we must look to the letter of the statute, to other statutes upon the same subject, to the construction of similar statutes by the courts, to their spirit and purpose, and harmonize what may appear to be conflicting, so as to bring them into concord with a general and uniform system. Buskirk Prac. 353.

To apply these general rules of construction to the stat-

ute under consideration, we must look to the various sources indicated above, and see if they, or any of them conflict with the meaning of its expressed words; for, if they do not, we must give effect to it according to its letter.

The circuit courts of this State are created by the Constitution ; criminal and superior courts are established by the Legislature. The circuit court has general common-law jurisdiction, both in civil and criminal cases ; the criminal court has jurisdiction only in criminal cases ; and the superior court only in civil cases. Each court is named by law, and when its name is used in a statute, we must suppose that the Legislature intended to mean that particular court ; and the courts must give effect to that meaning, unless, from its conflict with other laws, it is impracticable.

Before the act of March 8th, 1873, Acts 1873, p. 119, fixing the fees of officers, the clerk was not entitled to any per diem allowance for services in any of the courts. *Ex parte McKee*, 28 Ind. 100 ; *Rudisill* v. *Edsall*, 43 Ind. 377. By the first clause of section 4 of that act, the clerk was allowed three dollars per day for his services in court generally. By section 9 of the act of March 12th, 1875, Acts 1875, Spec. Sess., p. 31, it is enacted that "For attending the criminal or superior courts per day and entering the record of the court, either in person or by deputy, the clerk shall receive two dollars, to be allowed by the judge of said court and paid out of the county treasury." It will be observed that this section is expressed in the same words as that under which the appellant claims.

In granting the clerk a *per diem* allowance by the act of 1873, for his services in the courts generally, in restricting this allowance to the criminal and superior courts, by the act of 1875, and in re-enacting the same section in 1879, we must suppose that the Legislature spoke advisedly, and meant just what it said ; especially as we can see nothing

incongruous or conflicting in this course of legislation. Indeed, if it were required of us, we think we could show some reasons in its support. The same person being the clerk of each of the three courts, and in our larger cities the three courts frequently being in session at the same time, but in different places, it is impossible that the clerk could attend to them all in person; he would therefore be compelled to employ two extra deputies; and for this extra expense it would seem reasonable he should have extra pay, over his fees allowed in the circuit court, wherein, in most of the counties in the State, the clerk personally performs a large share of his official duties. It appears to us that the letter, spirit and purpose of the section under consideration are in harmony. When this is the case, the construction of a statute is not difficult.

As the clerk is not entitled to any fee or allowance for official services except it is fixed by law, and as we can find no law by which he is entitled to a *per diem* allowance for his services in the circuit court, we do not see how the appellant can maintain this action.

The judgment is therefore affirmed, at the costs of the appellant.