## HIGHT v. THE BOARD OF COMMISSIONERS OF MONROE COUNTY.

BOARD OF COUNTY COMMISSIONERS.—*Power to Contract, Extent of.*—The board of county commissioners in making contracts is confined to the powers expressly granted to it by the act of its creation, and to the implied

powers incidental and necessary to the execution of such expressed pow-
ers, and the performance of the duties enjoined upon it. For these pur
poses it may make contracts, and it will be bound to perform them the
same as individuals.

SAME.—*Prosecution of Crime.*—*Employment of Persons to aid State's Attor-
neys.*—Such board has no power to employ a person to aid the attorneys of
the State in prosecuting, and procuring to be prosecuted, a person charged
with a crime.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellee.

BIDDLE, J.—The appellant sued the appellee on the fol-
lowing complaint:

"The said plaintiff complains of said defendant, and
says, that, on the 1st day of December, 1875, there was,
and for one year prior thereto had been, pending in the
Monroe Circuit Court of Monroe County, Indiana, and in
the Lawrence Circuit Court of Lawrence County, said
State, indictments against divers persons, charging them
with the murder of an unknown person at said county of
Monroe; that the said defendants, at their December
term, 1875, and in open court, a majority of said defend-
ants concurring, for the purpose of more effectually prose-
cuting, and procuring to be prosecuted, said persons so
charged, employed said plaintiff to co-operate with the at-
torneys for the State, and under their direction, to aid in
the matter of said cause, on behalf of the State, and agreed
to pay said plaintiff such reasonable compensation therefor
as might be just and right, and to reimburse him for such
sums as he might occasionally and properly pay out in the
said prosecutions; that, in pursuance of said contract, the
plaintiff proceeded to aid in the said business, devoting his
time and money to the same; that his services were rea-
sonably worth the sum of five hundred dollars; that he
expended of his own money, necessarily and properly, in
and about said business, the sum of fifty dollars, which

Hight v. The Board of Commissioners of Monroe County.

sums remain due and unpaid to plaintiff, a bill of particulars of which services and sums so paid out is filed herewith."

A demurrer, alleging as ground the insufficiency of the facts stated in the complaint to constitute a cause of action, was sustained, and exceptions reserved. Judgment for appellee on demurrer. Appeal.

Does the complaint aver facts sufficient to constitute a cause of action? This is the only question presented in the case.

The board of county commissioners is a body corporate and politic, and in such name may sue and be sued, prosecute and defend suits, and has all other rights and powers incident to corporations not inconsistent with the provisions of the act under which it is organized. 1 R. S. 1876, 350, sec. 5. This act undoubtedly authorizes the board to make contracts, and it may make them by parol in some cases, and be bound thereby; but it can not make contracts of all descriptions and for all purposes for which natural persons may. It will be confined in making contracts to the powers expressly granted to it by the act of its creation, and to the implied powers incidental and necessary to the execution of such expressed powers and the performance of the duties enjoined upon it. For these purposes, it may make contracts, and it will be bound to perform them the same as individuals. *Seibrecht* v. *City of New Orleans*, 12 La. An. 496; *Straus* v. *The Eagle Insurance Co. of Cincinnati*, 5 O. S. 59; *Douglass* v. *The Mayor and Board of Aldermen of Virginia City*, 5 Nev. 147; *Hayward* v. *Davidson*, 41 Ind. 212; *McCabe* v. *The Board of Commissioners of Fountain County*, 46 Ind. 380; *Burnett* v. *Abbott*, 51 Ind. 254; *Gordon* v. *The Board of Commissioners of Dearborn County*, 52 Ind. 322; *The Board of Commissioners of Jackson County* v. *Applewhite*, 62 Ind. 464; *The Board of Commissioners of Jennings County* v. *Verbarg*, 63

Ind. 107; *The City of Indianapolis* v. *The Indianapolis Gas-Light & Coke Co.*, 66 Ind. 396.

Is there any express power or any implied power necessary to execute any express power, or perform any duty, granted or enjoined by the act under which the board of commissioners is organized, which authorizes it to make the contract set out in the complaint? We think not. There is no express power by which the board can employ a person to aid the attorneys of the State in "more effectually prosecuting, and procuring to be prosecuted," any person charged with a crime; and no express power making it the duty of the board to employ a person to aid in any such purpose; nor is there any express power granted to or duty enjoined upon the board, which renders such employment for such purposes necessary or proper to execute its powers or perform its duties.

The judgment is affirmed, at the cost of the appellant.