## THE BOARD OF COMMISSIONERS OF RIPLEY COUNTY v. WARD ET AL.

COUNTY.—*Commissioners can not Employ Attorney to Prosecute Criminal.* —*Contract*—*Ultra Vires.*—A board of county commissioners has no power to employ an attorney to assist in the prosecution of a defendant indicted for embezzling county funds.

From the Jennings Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellant.

*D. Overmyer*, for appellees.

SCOTT, J.—This was an action by the appellees, against the appellant, for services alleged to have been performed for, and rendered in behalf of, the appellant, and at its instance and request.

The appellees were attorneys. A bill of particulars was filed with the complaint. The record in this court

presents, in many forms, one single question : Has the board of county commissioners the power to employ counsel to prosecute a criminal proceeding against one charged with having embezzled the funds of the county?

The case was originally commenced in the Ripley Circuit Court, and was sent to the circuit court of Jennings county, on change of venue. The cause was tried by a jury, and a special verdict was found, as follows :

" First. That the plaintiffs, William D. Ward and John B. Rebuck, are partners in the practice of law, at Versailles, Indiana, and have been such partners since 1870.

" Second. We find that the Board of Commissioners of Ripley County have met and held their sessions at the auditor's office in the court-house, in Versailles, Indiana, from 1870 on to the present time.

" Third. That in 1872 Philip F. Seelinger, the then auditor of Ripley county, Indiana, directed William D. Ward, one of the plaintiffs, to institute a suit to gain possession of certain real estate in Versailles, Indiana ; that said law firm instituted said suit, viz. : ' The State of Indiana, on the relation of Philip F. Seelinger, Auditor of Ripley County, Indiana, *vs.* Joseph H. McCullough, In the Ripley Circuit Court ; ' that they prosecuted said cause to effect, and their services therefor are worth ($50.00) fifty dollars.

" Fourth. That, as to the 2d item in plaintiffs' complaint, we find the following to be the facts : That, in the year 1862, the Board of Commissioners of Ripley County, Indiana, did go to the office of Ward & Rebuck, and invited William D. Ward, one of the plaintiffs, to examine the indictment in the case of The State of Indiana *vs.* Henry Yater, for embezzlement, then pending in the Ripley Circuit Court; that said Ward did examine said indictment, and reported to the Board of Commissioners

of Ripley County, Indiana; that at that time said board was in session in the auditor's office of said county; that they then and there ordered said Ward to draw a new indictment, and prosecute said cause; that, in pursuance of said order, said Ward & Rebuck did prosecute said cause, and expended large sums of money in travelling expenses, collecting evidence and following said cause to Jefferson County, Indiana, and that their services were reasonably worth one thousand dollars ($1,000).

"Fifth. That, as to the third item of plaintiffs' complaint, we find the following to be the facts: That the Board of Commissioners of Ripley County, Indiana, did go to the office of Ward & Rebuck, plaintiffs, and invited John B. Rebuck to meet them at the auditor's office in said county; that said plaintiff Rebuck did meet said commissioners at said auditor's office; that he then and there dictated a portion, and most of, the order directing auditor to bring suit upon the official bond of John W. Newman, Treasurer, against him and his sureties, for an alleged defalcation of $1,500; that one of the plaintiffs, Rebuck, did assist in examining the accounts of said Newman, and after the bill of particulars in that case was prepared, and the commissioners being then and there in session, did say, in the presence and hearing of the other two, and for and on behalf of the board, to said Rebuck and one Durbin: 'We have employed you, and we want you to prosecute this case with all the power you can command, and get the money back into the treasury as soon as possible;' that then, after this, the president of the board signed the minutes of the day; and that the plaintiff watched said cause until it was finally disposed of, and rendered services in said cause; that a fair compensation for plaintiffs therein is one hundred dollars ($100).

"If, upon these facts, the law is with the plaintiffs, we

find for the plaintiffs and assess their damages at eleven hundred and fifty dollars ($1,150)."

The court, upon this verdict, rendered judgment for the appellees for the sum of eleven hundred and fifty dollars.

The appellant contends that, upon the facts stated as to the second item, the appellees were not entitled to recover.

The appellant offered to confess judgment at one stage of the proceedings for the sum of one hundred and fifty dollars.

We are of opinion that the court erred in rendering judgment in favor of the appellees, and against the appellants, for the item of one thousand dollars, mentioned in the fourth finding of the jury. The judgment, in our opinion, should have been in favor of the appellees, and against the appellant, for the sum of one hundred and fifty dollars.

The board of commissioners had no power to employ the appellees as attorneys to conduct the criminal prosecution mentioned in the special finding of the jury, and the county could not therefore be compelled to pay for services rendered under such employment. *Hight* v. *The Board of Comm'rs of Monroe County*, 68 Ind. 575.

The judgment is reversed, with costs. Cause remanded, with instructions to the circuit court to render a judgment in favor of the appellees, for the sum of one hundred and fifty dollars, with interest from the date of the return of the verdict, and costs up to the time of the offer to confess judgment, and for the subsequent costs against the appellees.