No. 7276.

## THE BOARD OF COMMISSIONERS OF GRANT COUNTY *v.* BRADFORD.

COUNTY COMMISSIONERS.—*Can not Offer Reward for Arrest.*—*Contract.*—*Ultra Vires.*—A board of county commissioners has no power to aid in the arrest, prosecution or conviction of a person charged with the commission of crime, either by an offer of reward or by the employment of detective or professional skill; and a contract made by such board for such purpose, not entered of record, is *ultra vires*, and can not be enforced.

From the Grant Circuit Court.

*R. W. Bailey* and *A. Diltz*, for appellant.

*A. Steele* and *R. T. St. John*, for appellee.

The Board of Commissioners of Grant County *v.* Bradford.

Howk, J.—Moses Bradford, the appellee, sued the appellant, and alleged, in substance, in his complaint, that the appellant, at its December term, 1872, offered a reward of two hundred dollars for the arrest of one Perry Myers, and ordered the same to be entered of record, in the record of its proceedings, but that, through inadvertence, said order was overlooked and was not entered of record ; that the appellant, at the time, supposed that said order was so recorded, and acted thereon ; that the appellee, having learned of said order and record, and the publication of said record, and acting thereon, arrested said Perry Myers and delivered him to the authorities of Grant county, Indiana, when he, the said Myers, was duly tried, convicted and sentenced to the penitentiary, where he then was ; and the appellee asked the court to order and decree that the appellant should enter of record the aforesaid order, and that the said reward should be paid by the appellant to the appellee, and to grant him such other relief as might be just in the premises.

The cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of two hundred dollars ; and the appellant's several motions, for a *venire de novo*, for a new trial, and in arrest of judgment, in the order named, were severally overruled by the court, and to each of these decisions the appellant excepted. Judgment was then rendered for the appellee, and against the appellant, upon and in accordance with the verdict of the jury.

The following decisions of the circuit court the appellant has here assigned as errors :

1. In overruling its motion for a *venire de novo;*

2. In overruling its motion for a new trial ;

3. In overruling its motion in arrest of judgment ;

4. In overruling its motion to change the form of the judgment ;

5. In giving the jury instructions numbered 1, 2 and 3, over its objections ;

The Board of Commissioners of Grant County *v* Bradford.

6. The complaint did not state facts sufficient to constitute a cause of action; and,

7. The judgment is void, because of the insufficiency of the complaint.

The questions, arising under each of these alleged errors, have been ably and elaborately argued by the learned counsel of the respective parties; but the view which we shall take of the appellee's supposed cause of action renders it unnecessary for us to follow counsel in their arguments, or to consider or decide any other question than the sufficiency or insufficiency of the appellee's complaint.

The board of commissioners of a county is a creature of the statute, and is vested with and possessed of just such powers, rights, privileges and franchises, corporate, judicial, legislative and ministerial, as the statute has conferred upon it, and such as are clearly and necessarily implied, to enable it to carry out and accomplish the objects and purposes of its creation. The law confers no power, and enjoins no duty, upon the board of commissioners of a county to aid in the arrest, prosecution or conviction of a person charged with the commission of crime, either by an offer of reward or by the employment of detective or professional skill. If it be conceded that the facts stated in appellee's complaint are sufficient to show a contract by the appellant for the payment to the appellee of the reward alleged to have been offered by it for the arrest of Perry Myers (a point which may well be doubted, but which we need not and do not decide), we are of the opinion that this contract, by and on the part of the appellant, was clearly *ultra vires*, and can not be enforced.

The case at bar does not differ in principle from the recent case of *Hight* v. *The Board, etc., of Monroe Co.*, 68 Ind. 575. In the case cited, Hight alleged in his complaint that he had been employed by the county board, the appellee, to co-operate with the attorneys for the State, and, un-

der their directions, to aid in the prosecution of divers persons, charged with the murder of an unknown man, in said Monroe county, and that, under such employment, he had expended both time and money in assisting in such prosecution, etc. On appeal to this court, the power of the county board to make such a contract, and its validity, were the questions for decision. On these questions, BIDDLE, J., speaking for the court, said: "Is there any express power or any implied power necessary to execute any express power, or perform any duty, granted or enjoined by the act under which the board of commissioners is organized, which authorizes it to make the contract set out in the complaint? We think not. There is no express power by which the board can employ a person to aid the attorneys of the State in 'more effectually prosecuting, and procuring to be prosecuted,' any person charged with a crime; and no express power making it the duty of the board to employ a person to aid in any such purpose; nor is there any express power granted to or duty enjoined upon the board, which renders such employment for such purposes necessary or proper to execute its powers or perform its duties."

To the same effect is the decision of this court in the case of *The Board, etc., of Ripley Co.* v. *Ward,* 69 Ind. 441. In that case the appellees were attorneys, and sued to recover their fees for professional services by them rendered, under an alleged contract with the appellant, the county board, in a criminal prosecution of an ex-treasurer of the county, on an indictment for embezzlement of the funds of the county. On appeal, this court held that "The board of commissioners had no power to employ the appellees as attorneys to conduct the criminal prosecution mentioned in the special finding of the jury, and the county could not therefore be compelled to pay for services rendered under such employment."

For the reasons given we think that the appellee's com-

plaint, in the case now before us, does not state facts sufficient to constitute a cause of action.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to give leave to appellee to amend his complaint, and for further proceedings in accordance with this opinion.