Miller *v.* Embree.

---

No. 9911.

MILLER *v.* EMBREE.

COUNTY COMMISSIONERS.—*Claim.*—*Pleading.*—A statement of a claim for allowance by a board of county commissioners should show facts enough to constitute a liability on the part of the county.

| 88 | 133 |
| 125 | 261 |
| 88 | 133 |
| 136 | 536 |
| 88 | 133 |
| 143 | 372 |
| 88 | 133 |
| 148 | 428 |
| 88 | 133 |
| 155 | 346 |
| 88 | 133 |
| 160 | 104 |

SAME.—*Contract.—Voluntary Services.—Allowance.—Appeal.*—County boards are not authorized to make allowances for services done or things furnished voluntarily for which they might not have lawfully contracted, and from an order making such an allowance there may be an appeal.

SAME.—*Collection of Delinquent Taxes.—County Treasurer.—Employment of Counsel.*—A county board can not authorize the county treasurer, at the expense of the county, to employ an attorney to assist in the collection of delinquent taxes.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*T. R. Paxton* and *L. C. Embree*, for appellee.

WOODS, C. J.—The appellant presented to the board of commissioners of Gibson county a claim for services rendered as an attorney in assisting the county treasurer to collect delinquent taxes. The claim as presented consists of a list of names, and amounts set opposite, aggregating the sum of $7,027.94, and appended thereto the following certificate and demand:

"The above are amounts collected by the assistance of R. M. J. Miller, upon which I agreed he should be paid according to order or contract of the board."

[Signed]    "JOHN SIPP, Tr. G. C."

"On the above certificate I ask an allowance of six hundred dollars."          [Signed]    "R. M. J. MILLER."

Upon the hearing, the board entered an order, reciting, among other things, a previous order of the board, whereby the treasurer was authorized to employ counsel to assist him in the collection of delinquent taxes; that, in pursuance of the order, the treasurer did employ the appellant upon an agreement that he should receive as compensation ten per cent. upon the full amount of taxes collected by his aid; that the sum of $7,027.94 had been so collected, of which the county had had the benefit; that there was a public necessity requiring such employment of counsel; and that some question had arisen in reference to the legal authority of the board to make a binding contract to the effect of the one made, and

concluding as follows : " Now, therefore, it is ordered that the order heretofore made, * * as above set forth, be and the same is hereby revoked and annulled, and in the discretion given us by the statute it is further ordered that said Miller be allowed the sum of $300 for his said services, and that the auditor draw his warrant," etc.

The appellee filed the necessary affidavit, showing interest, and appealed from this order to the circuit court, which, after overruling a motion to dismiss the appeal, sustained a demurrer for want of facts to the claim, and gave judgment accordingly. The appellant saved exceptions, and has assigned error upon each of these rulings.

The appellant concedes, and doubtless correctly, that his employment by the county treasurer, notwithstanding the order of the board of commissioners purporting to authorize it, was illegal. See *City of Fort Wayne* v. *Lehr, ante,* p. 62. But if the validity of the contract were unquestioned, the facts contained in the statement of the claim are clearly insufficient to show a liability on the part of the county. In fact, nothing is averred outside of the certificate of the county treasurer, and that can not take the place of averment. *Board, etc.,* v. *Hon,* 87 Ind. 356.

The appellant, insists, however, that the case is one of an allowance by the county board for voluntary services, which was within the discretion of the board, and from which an appeal did not lie.

By the act of 1852, R. S. 1881, sections 5763 and 5770, " The boards of commissioners may make allowances at their discretion," avoiding " as much as possible, the necessity for making any allowance for voluntary services, or for things voluntarily furnished, by contracts for such services or things, or by ordering the same to be rendered at stipulated prices, or by vesting the power to procure such services or things in an agent by them nominated of record ; " and " No appeal shall lie from the decision of said board making allowance for services voluntarily rendered or things voluntarily furnished."

These provisions, as we construe them, and according to the plain meaning of the terms, do not authorize an allowance for any service done, or thing furnished, voluntarily, which may not be lawfully contracted for, or, in the language of the statute, procured " by ordering the same to be rendered at stipulated prices ;" and if in any instance a board of commissioners makes an allowance when it might not have made a contract, the order is illegal, and relief may be had by appeal. *Board, etc.,* v. *Gregory,* 42 Ind. 32 ; *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549 ; R. S. 1881, secs. 5769, 5772. If this were not so, there would be no lawful restraint or sure mode of relief against allowances, however extravagant, made upon the pretence of compensation for voluntary services for the public use. See *Rothrock* v. *Carr,* 55 Ind. 334.

The appellant has cited, besides other cases, *Nichols* v. *Howe,* 7 Ind. 506 ; *Board, etc.,* v. *Boyle,* 9 Ind. 296 ; *Sims* v. *Board, etc.,* 39 Ind. 40 ; *Moffit* v. *State, ex rel.,* 40 Ind. 217 ; *Board, etc.,* v. *Richardson,* 54 Ind. 153, as examples of voluntary allowances from which an appeal was denied ; but in none of them was the allowance for a service which might not have been made the subject of a contract.

As against the county there is no equitable, as well as no legal, ground for the support of the appellant's claim. It was the county treasurer's duty to collect delinquent taxes ; the law had provided compensation for the service ; and if legal advice or assistance became necessary, he should have employed it at his own expense.

The power of county boards to make allowances is, perhaps, somewhat modified by the provisions of the act of May 31st, 1879 (R. S. 1881, secs. 5758, 5759, 5760, 5766, 5767, 5769), but to what extent we need not determine, since, in any view that may be taken, the claim of the appellant can not be justified.

Judgment affirmed.