The Board of Commissioners of Montgomery County *v.* Courtney.

Filed Feb. 10, 1886.

---

No. 12,878.

THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY
*v.* COURTNEY.

COUNTY COMMISSIONERS. — *Liability for Services of Attorney Appointed by Judge to Defend Criminal.*—Although the county commissioners possess no power to contract with an attorney to prosecute or defend a criminal, yet it is within the power of the circuit judge to bind the county to pay for services rendered by an attorney under appointment by such judge, in defence of a prisoner who is found entitled to defend as a poor person.

SAME.—*Failure of Judge to Make Allowance.*—The failure of the court, under the order of which an attorney performs services in defence of a prisoner, to make an allowance therefor, does not discharge the county from its obligation to pay.

SAME.—*Appointment of Attorney after Change of Venue.*—Where the court to which a criminal case is taken for trial on a change of venue appoints an attorney to defend the prisoner, the county in which the case originated is liable to the same extent as if the appointment had been made and the case tried in that county.

SAME.—*County Liable for Services in Supreme Court.*—Under such appointment, the county is liable not only for services in the trial court, but also for the services of the attorney in preparing and prosecuting an appeal to the Supreme Court.

SPECIAL JUDGE. — *Regularity of Appointment.* — *Presumption on Appeal.* — Where no objection to the sitting of a special judge was made until after verdict, it will be presumed on appeal, in the absence of any facts showing that he was not authorized to sit, that the proceedings were regular.

From the Parke Circuit Court.

*J. H. Burford,* for appellant.

*J. R. Courtney,* for appellee.

MITCHELL, J.—On the 8th day of December, 1882, the grand jury of Montgomery county returned an indictment against Joseph Stout, for murder in the first degree.

The venue of the cause was changed from Montgomery to Parke county, where a trial was had, the Hon. James E. Heller presiding as judge *pro tempore.* The prisoner applied for admission to defend *in forma pauperis*, and being so admitted, upon request, John R. Courtney, Esq., was assigned by the presiding judge as his attorney and counsellor. The trial resulted in a conviction, and an appeal was prosecuted to this court, the attorney appointed rendering the services necessary in prosecuting the appeal.

On the 23d day of November, 1883, Mr. Courtney filed a claim before the board of commissioners of Montgomery county for his services in preparing the case for appeal, briefing and orally arguing the same in this court, and for expenses while engaged in the service of the prisoner in matters pertaining to the appeal.

The claim recited the appointment, and exhibited a certified copy of the application to the court for such appointment, and the order of the court appointing and assigning the claimant as attorney and counsellor for the accused, together with a bill of particulars of the services and charges.

Upon consideration the board of commissioners refused to allow any part of the claim. The claimant appealed to the Montgomery Circuit Court. The venue of the cause was subsequently changed, and the cause tried by a jury, the Hon. Ared F. White, sitting as special judge, in Parke county. The trial resulted in a verdict and judgment in favor of the claimant for $550. From this judgment the board of commissioners appealed. Two questions are presented by the argument for consideration here.

It is insisted that the court erred in overruling a demurrer filed in the circuit court to the complaint:

1. Because the court had no jurisdiction of the subject-matter of the action.

2. Because the complaint did not state facts sufficient to constitute a cause of action against the county.

The argument of appellant is predicated on the proposition that the board of commissioners is a court of limited statutory power, and that it has no jurisdiction to make an allowance in respect to any matter for which, within its authority, it could have made no contract. *Miller* v. *Embree,* 88 Ind. 133; *Moon* v. *Board, etc.,* 97 Ind. 176, and other cases holding the rule substantially as above stated, are referred to and relied on. Because, therefore, within the ruling in *Hight* v. *Board, etc.,* 68 Ind. 575, and *Board, etc.,* v. *Ward,* 69 Ind. 441, a board of commissioners has no power to contract with an attorney to prosecute or defend criminals, it is contended the conclusion follows that the board possessed no power or jurisdiction to allow the claimant who was appointed by the court for such service.

Claims against a county arise either out of contract, or from some duty or obligation which the law imposes. Whoever asserts and undertakes to enforce a claim against a county, which pertains to its business, and which must necessarily arise out of contract, must, within the rulings referred to, show a contract made with the board, or some duly authorized agent, and the contract must appear to have been one which it was within the authority of the board to make. *Waymire* v. *Powell, post,* p. 328. There are, however, many claims of which the board of commissioners are required to take cognizance, which grow out of a duty imposed by law, or from the act of some officer who is authorized by law to create an obligation against the county. Township trustees as such, and as overseers of the poor, may, under certain circumstances, bind the county in reference to matters concerning which the county commissioners are not authorized to contract. Accordingly it has been held that a township trustee may bind the county for services rendered in the way of temporary relief to a person in distress, who is without friends and money, as in the case of *The Board, etc.,* v. *Jen-*

*nings*, 104 Ind. 108. Other illustrations and cases might be cited, but this is sufficient to show the distinction between the cases relied on by counsel and that under consideration.

The question here is, was it within the power of the circuit judge to bind the county to pay for the appellee's services by appointing him to defend a prisoner who was found to be entitled to defend as a poor person, notwithstanding the county commissioners were without power to contract for such services? That it was, we think, can not be doubted. Upon the same principle that the law has committed to the overseers of the poor the duty of determining who shall receive temporary relief when in distress, and to bind the county to persons who care for such persons; so it has committed to the courts the duty of deciding who shall be entitled to defend as poor persons, and to bind the county for services rendered by an attorney in behalf of such persons, in pursuance of an appointment duly made.

Section 260, R. S. 1881, expressly authorizes the court, upon being satisfied that a person has not sufficient means to prosecute or defend an action, to assign him an attorney, and it was held in *Webb* v. *Baird*, 6 Ind. 13, that the circuit court, even without a statute, had the power, *ex necessitate*, to appoint an attorney to defend a poor person. It was there held, upon the authority of *Gaston* v. *Board, etc.*, 3 Ind. 497, and *Allegheny County* v. *Watt*, 3 Pa. St. 462, that the judge who appoints counsel for a poor person was to that extent the agent of the county. The case cited was followed and approved in the following cases: *Board, etc.*, v. *Wood*, 35 Ind. 70; *Gordon* v. *Board, etc.*, 52 Ind. 322; *Tull* v. *State, ex rel.*, 99 Ind. 238.

Whether section 260 is applicable to criminal procedure need not be determined. Whether applicable or not, it is nevertheless beyond question that without it the inherent power of the court was ample to justify the appointment.

There could be no propriety or fitness in authorizing or permitting the board of commissioners, an inferior tribunal,

to employ counsel either to defend or prosecute actions in the circuit court or other courts of superior jurisdiction, and, therefore, the Legislature has wisely withheld that power from county boards, and committed it in express terms to the courts. It must be supposed that the court in which an action is pending is better able to judge of the necessity for assigning counsel to prosecute or defend than any other tribunal, and that the orderly course of justice would not be obstructed by permitting a trial to proceed without the assignment of counsel when found necessary. Without a statute such courts possess the power, to the end that justice may be administered. *Webb* v. *Baird, supra.*

Having the authority to assign counsel, it results, necessarily, that courts may impose upon the proper county the obligation to pay for such services. That it was within the legislative intent that such an obligation should arise, was not left to inference. Section 1415, R. S. 1881, provides, among other things, that the courts may make allowances " to persons performing any services under the order of the court," and section 1414 makes it the duty of the auditor to draw his warrant upon the treasurer for any sum allowed or certified to be due by any court having jurisdiction beyond that of justices of the peace. It thus appears that the compensation for such services is a charge against, and is payable out of, the county treasury. In the orderly course, it should be audited and allowed by the court, but the services having been performed upon the order of the court, the obligation of the county to pay exists nevertheless, and the failure of the court to make the allowance does not discharge the county from its obligation.

It was held in the case of *Board, etc.,* v. *Summerfield,* 36 Ind. 543, that allowances thus made by the court were not conclusive upon the rights of the persons affected thereby; they are only *prima facie* correct. Since the amount fixed by the court is not, and could not be, conclusive as an adju-

dication, the failure to allow anything does not deprive the claimant of his rights.

That the case in which the services were rendered was tried in Parke county, and that the appointment of the appellee was made in that county, does not make it different.

The case having originated in Montgomery county, and having been taken thence by change of venue to Parke county, the expenses of the trial, as specified in section 1778, R. S. 1881, and such as come "justly and equitably within its provisions," are to be audited and allowed by the court, and the county from which the change was taken becomes liable for their payment. We think the charge for services for defending the accused comes "justly and equitably" within the provisions of section 1778.

As before suggested, the failure of the court to audit and allow the claim can not deprive the person rendering services, under a specific appointment by the court, of the right to compensation, nor discharge the obligation of the county to pay. When audited and allowed by the court, and duly certified, no discretion remains with the auditor to whom the account is certified. *Gill* v. *State, ex rel.,* 72 Ind. 266. If the claim had been audited by the court, possibly the only way to have secured a correction of the amount would have been by an application to the court. But as to this we need not decide.

We can not suppose that the Legislature intended that a necessary, and in many cases indispensable, part of the expense of a criminal trial coming from one county to another, should be borne by the county to which the change was taken. It therefore provided in section 1779 that "all costs and charges specified in the last preceding section, or coming justly and equitably within its provisions," etc., should be audited and allowed by the court. It may be a question whether sections 1778 and 1779 should not be construed in connection with the act of March 10th, 1873, Act 1873, p. 221. The appointment by the court in Parke county had,

therefore, the same binding force upon the commissioners of Montgomery county as if the appointment had been made and the case tried in the latter county. *Gordon* v. *State, supra.*

That the services for which compensation was asked were performed in preparing and prosecuting an appeal to this court does not make the obligation of the county different. It was the attorney's duty, if in his judgment the interests of his client demanded it, to prosecute the appeal. His appointment to defend the accused constituted him his attorney until the case was ended, or the appointment revoked by the court which made it. *Stout* v. *State,* 90 Ind. 1.

The conclusion is thus reached that the objections taken to the complaint on demurrer were not well made, and the ruling of the court in that respect was not erroneous.

The fourth and only other assignment of error, which is not disposed of by what has been said, relates to the regularity of the appointment of the special judge who presided at the trial.

No objection to the presiding judge appears to have been made until after the trial had proceeded so far that the jury rendered a verdict in favor of the appellee. A docket entry copied into the record recites that the appellant then made objection to the entering of judgment on the verdict, because of the want of authority of the presiding judge. The record shows that a change of venue was taken from Judge Britton at the September term, 1884, and that the Hon. Ared F. White was appointed to try the cause, and that he was duly qualified and proceeded at the April term, 1885, with the trial.

As there is no bill of exceptions in the record, in which the facts appear, and as the trial proceeded to the point indicated with the consent of the appellant, we are bound to presume in favor of the regularity of the proceedings. The original appointment having been regularly made by Judge Britton, we must presume, until the contrary appears, that his appointee was properly continued, notwithstanding the

incumbency of another regular judge of the court intervened by the creation of a new circuit. The successor to Judge Britton may have been disqualified to sit in the case. *Watts* v. *State*, 33 Ind. 237.

The judgment is affirmed, with costs.

