BARR, AUDITOR, *v.* STATE, EX REL. READING.

[No. 17,956.   Filed October 7, 1897.]

COUNTY.—*Appointment of Attorney by Superior Court.— Statute Construed.*—It is not within the power of a superior court, under section 1481, Burns' R. S. 1894 (1415, R. S. 1881), authorizing the courts of record to allow sums to persons performing services under the orders of the court, to bind the county to pay for the services of an attorney appointed by such court to defend an action brought in the circuit court of the same county to test the constitutionality of the law creating the superior court. *pp. 427, 428.*

SAME.— *Treasurer.— Employment of Counsel.*— A county is not required to employ or pay counsel to defend its treasurer in an action brought to enjoin the payment of a warrant issued by the county auditor.  *p. 428.*

From the Lake Superior Court. *Reversed.*

*Johannes Kopelke,* for appellant.

*Wilbur B. Reading,* for appellee.

MONKS, J.—It appears from the record that after the Superior Court of Lake county was established, in 1895 (Acts 1895, p. 210, sections 1426 a1, 1426 b2, Supplement to Burns' R. S. 1894), that said court made an allowance for books furnished to said

court for its use, and ordered the same paid out of the treasury of Lake county, and a certified copy of said allowance was filed in the office of the auditor of said county, who delivered to the party to whom said allowance was made, a warrant upon the treasurer of said county for the amount of said allowance. After said warrant was drawn, and before the same was paid, Bartlett Woods commenced an action in the Lake Circuit Court against Thomas McCay, treasurer of said county, to enjoin him from paying said warrant, issued upon the order of allowance made by the Lake Superior Court, on the ground that the act establishing said court was unconstitutional and void. On the same day that said action was commenced by said Woods, the Lake Superior Court appointed the relator, Reading, to appear in said Lake Circuit Court, as an attorney, and defend "any and all actions which may be brought involving the constitutionality of the act creating said court." That said relator did appear for the defendant, McCay, treasurer, in said action, and defended the constitutionality of said law in the Lake Circuit Court, and on appeal in this court, where the law was adjudged constitutional. *Woods* v. *McCay, Treas.*, 144 Ind. 316. On November 4, 1895, the Lake Superior Court allowed the relator for said services $225.00 against Lake county, and ordered the same paid, and appellant, upon proper demand, refused to issue a warrant on the treasurer of Lake county therefor. The relator thereupon commenced this action to compel by mandate appellant to issue said warrant, and the trial of said cause resulted in a judgment and order for a peremptory writ commanding appellant to draw said warrant.

Appellee claims that the allowance was made by the Lake Superior Court to the relator for services as attorney in said cause, under the provisions of sec-

tions 3 and 4, of an act approved May 27, 1852, 1 R. S. 1852, p. 101, being sections 1480, 1481, Burns' R. S. 1894 (1414, 1415, R. S. 1881), and urges that "no discretion remains with the auditor, to whom the warrant is certified, but it is his imperative duty to draw his warrant on the county treasurer for the amount certified, and that it is not competent for him to attack the order of the court making the allowance. *Board, etc.,* v. *Courtney,* 105 Ind. 311; *Gill* v. *State,* 72 Ind. 266." Said sections are as follows: Section 1480 (1414), 3, *supra.* "He [the auditor] may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record authorized to use a seal and having jurisdiction beyond that of the justices of the peace, or by the board of county commissioners."

Section 1481 (1415), 4, *supra.* "The said courts may allow sums to persons serving as assistants to the sheriff, in preparing the court-house for the reception of such courts, and in the preservation of order, and in attendance upon juries, and to persons performing any services under the order of such court. But the number of such assistants employed shall never exceed the actual necessity of the case."

Section 1 of said act, being section 1478, Burns' R. S. 1894 (1412, R. S. 1881), provides that "No money shall be drawn from the treasury of any county, except by authority of law, and in conformity with the rules hereinafter prescribed." The cases cited do not sustain appellee's contention. In *Board, etc.,* v. *Courtney, supra,* the appellee had been appointed to defend a poor person by the Park Circuit Court, in a case sent to that court on change of venue from another county, and this court held that, although the court appointing him had made no allowance for his services, he was entitled to recover the reasonable value thereof

from the county of Montgomery, in which the prosecution was commenced.   One of the reasons assigned for this holding was, that if the Park Circuit Court had made the allowance, the amount fixed would not and could not have been conclusive on Montgomery county, and that therefore the failure to allow anything did not deprive the claimant of his rights.   The other case, *Gill* v. *State, ex rel.*, 72 Ind. 266, was decided under a different statute from the one involved in this case.   Moreover, said case is, perhaps, overruled by the cases, *Trant, Aud.,* v. *State, ex rel.*, 140 Ind. 414; *State, ex rel.*, v. *Jamison*, 142 Ind. 679.

The real question in this case is, was it within the power of the Lake Superior Court to bind the county to pay for the relator's services as attorney by appointing him to appear in the case of *Woods* v. *McCay, Treas.*, in the Lake Circuit Court and defend the constitutionality of the law creating the Lake Superior Court.

In *Rudisill* v. *Edsall*, 43 Ind. 377, the court made an allowance to Edsall for services in attending court while he was acting as clerk during the year 1870; and it was claimed that said allowance was made under section 4 of the act of 1852, being section 1481 (1415), *supra*, but this court held that such services were not contemplated by said section, and that said allowance was without authority, and void.   The services contemplated by said section are such  as are necessary to the administration of justice, and the orderly transaction of the business in the court empowered to make the allowance.   This section has been held to authorize an allowance for service performed in defending, under the order of court, a poor person charged with a crime in said court.   *Board, etc.*, v. *Courtney, supra; Gordon* v. *Board, etc.*, 52 Ind. 322; *Board, etc.*, v. *Wood*, 35 Ind. 70.   It has also been held

that a court of superior jurisdiction has the inherent power, without a statute, to appoint an attorney to defend a poor person, or to assist in the prosecution of a criminal cause in such court, and thereby charge the county with the payment of such services. *Webb* v. *Baird*, 6 Ind. 13; *Board, etc.,* v. *Courtney, supra,* p. 314; *Board, etc.,* v. *Gordon, supra; Board, etc.,* v. *Wood, supra; Tull, Treas.,* v. *State, ex rel.,* 99 Ind. 238.

It is true, that when a court is once established and its jurisdiction defined, it has the inherent power to perform the duties required of it, whether expressly granted, or necessarily implied. There are inherent powers in all courts of superior jurisdiction which do not depend upon legislation, but spring from the nature and constitution of the tribunals themselves. These powers, however, are judicial, and such incidental powers as are necessary to the exercise thereof. *Tull, Treas.,* v. *State, ex rel., supra,* p. 242 and cases cited.

It is not claimed, however, by appellee that said allowance was made by virtue of any inherent power of the court, but said allowance is sought to be sustained under the sections cited.

In this case, the Lake Superior Court appointed the relator to defend an action, not commenced or pending in that court, but in the Lake Circuit Court, an action to enjoin the county treasurer from paying a warrant drawn by the county auditor for a sum allowed by the Lake Superior Court. The county was not required to employ or pay an attorney to defend said action for the county treasurer. *Miller* v. *Embree*, 88 Ind. 133. The person directly interested in the payment of said allowance was the person to whom the same was made.

It is clear that section 1481 (1415), *supra*, when con-

strued with the other sections of said act, did not authorize an allowance for the services rendered by the relator, and that said allowance was without authority, and void.

Judgment reversed, with instructions to sustain the demurrer to the amended application for the alternative writ, and for further proceedings in accordance with this opinion.