## KERR *v.* THE STATE, on the Relation of WRAY.

POOR PERSON—Where one has been permitted to prosecute or defend as a poor person, the court must assign him an attorney and all other officers requisite for the prosecution or defense.

SAME.—*Clerk.*—If the clerk is not assigned as one of the officers requisite, he will not be bound to furnish a transcript of the proceedings gratuitously.

SAME.—*Ability to Labor.*—Where a party is permitted to prosecute or defend as a poor person, the action of the court cannot be questioned by showing that the person is of sufficient physical ability to labor for and acquire the necessary means to defend or prosecute; if he has not the means, it is immaterial whether the want of means has arisen from one cause or another.

PLEADING.—*Fraud.*—To make a good charge of fraud, it must be shown in what the fraud consisted.

APPEAL from the Fountain Circuit Court.

DOWNEY, C. J.—Two errors are assigned in this case: first, the insufficiency of the complaint; second, the sustaining of the demurrer of the relator to the answer of the appellant.

The complaint alleges that Wray had sued one Sangster, in the circuit court; that there was a trial by jury, verdict

for the defendant, motion for a new trial overruled, and judgment rendered; that a bill of exceptions was filed and an appeal prayed and allowed to this court; that the plaintiff, Wray, then filed his petition to be allowed to prosecute said action as a poor person; that the court granted the prayer of said petition, and ordered that the plaintiff be permitted to prosecute said action as a poor person, appointed Richard M. Nebeker as his counsel, who demanded of the appellant, who was then the clerk of said court, to make out and certify a transcript in said case, which he refused to do.

The defendant was required to show cause why a mandate should not issue against him, requiring him to make out, certify, and deliver the transcript to the relator.

The defendant showed cause by filing an answer, or return, alleging, that the relator was not a poor person in contemplation of law; that the order of the court permitting him to prosecute as a poor person was wrongfully and fraudulently obtained; that the court was imposed upon by the said relator and his attorney; that Wray is a stout, able-bodied man and abundantly able to labor for the means necessary to pay for the transcript; that he is in no way incapacitated from performing manual labor, and has no one dependent upon him for support; that if he is in indigent circumstances, it is wholly attributable to his indolence and laziness; that if he would use ordinary industry, he would have abundant means to pay the fees for said transcript, as well as the costs in the case; that it will require several days of hard labor to prepare said transcript; and that the fees therefor will be worth thirty or forty dollars; and respondent insists that it will be burdensome and outrageous to compel him to expend so much labor gratuitously for a person who is able to pay a compensation therefor.

There was a demurrer to this answer, or return, which was sustained by the court, and an exception taken by the defendant.

The defendant failing to make any further defense, judg-

ment was rendered that he make out and deliver the transcript within thirty days.

From this judgment the defendant appeals to this court.

The statute allowing persons to prosecute or defend *in forma pauperis* is as follows: "Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend, as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor from such poor person." 2 G. & H. 44, sec. 15.

It will be seen that the court must, when the applicant has been admitted to prosecute as a poor person, assign him an attorney, "and all other officers requisite for the prosecution or defense." It does not appear that the clerk was assigned in this case as one of the "other officers requisite," &c., and therefore it is not shown that he was bound to make out and furnish the required transcript gratuitously. For this reason the complaint was bad.

We think the court committed no error in sustaining the demurrer to the answer, or return. The fact that the relator was of sufficient physical ability to labor for and acquire the means necessary to procure the transcript, is not a sufficient answer to the rule. If the party has not the means, it seems to be immaterial under the statute whether the want of means arose from one cause or another. The court, "if satisfied," &c., "shall admit the applicant," &c.

It is also questionable whether an officer who has been ordered to perform services gratuitously for a poor person can in this way controvert the correctness of the order. The allegation of fraud here is clearly insufficient. It does not show in what the fraud consisted, which is essential to make

a good charge of fraud. *Keller* v. *Johnson,* 11 Ind. 337; *Webster* v. *Parker,* 7 Ind. 185.

The judgment is reversed, with costs, and the cause remanded.

*W. A. Tipton,* for appellant.

*R. M. Nebeker,* for appellee.

