No. 11,555.

TULL, TREASURER, *v.* THE STATE, EX REL. GLESSNER.

CIRCUIT COURT.—*Power to Appoint Attorneys to Assist Prosecuting Attorney.— Liability of County.*—The circuit court has inherent discretionary power to appoint attorneys to assist the prosecuting attorney in criminal causes, and to allow compensation payable out of the county treasury, nor will its action be reviewed save in cases where a clear abuse of discretion appears.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellant.

*O. J. Glessner*, *D. L. Wilson* and *A. F. Wray*, for appellee.

ELLIOTT, J.—A prosecution was instituted against Edward Kennedy for the premeditated and malicious murder of Albert McCorkle, sheriff of Shelby county, and eight of the principal lawyers of the county were employed by Kennedy to conduct his defence. The prosecuting attorney asked the court to appoint counsel to assist him in conducting the prosecution, and this request was granted. The relator and

David L. Wilson were appointed to assist the prosecutor, and the former entered upon the duty assigned him and did aid in prosecuting Kennedy. In January, 1884, the court ordered that an allowance of $300 be made to the relator as compensation for the services rendered by him, and a certified copy of the order was issued and delivered to the auditor of the county who at once drew his warrant upon the county treasurer, the appellant, for the amount specified in the order of the court. Payment of the warrant was demanded of the treasurer and he refused to pay it, whereupon the relator sued out a writ of mandate commanding payment. The case comes to us upon the ruling of the court on the demurrer of the appellant to the alternative writ issued at the suit of the relator.

It is settled, without substantial diversity of judicial opinion, that the trial court has power to appoint counsel to assist a prosecuting attorney in the trial of a prosecution for a criminal offence. *Siebert* v. *State*, 95 Ind. 471 ; *Wood* v. *State*, 92 Ind. 269 ; *Dukes* v. *State*, 11 Ind. 557 ; *State* v. *Wilson*, 24 Kan. 189 ; S. C., 36 Am. R. 257 ; *Hopper* v. *Com.*, 6 Grat. 684 ; *Shelton* v. *State*, 1 Stew. & P. 208 ; *United States* v. *Hanway*, 2 Wall. Jr. 139 ; *People* v. *Blackwell*, 27 Cal. 65 ; *State* v. *Bartlett*, 55 Me. 200 ; *Edwards* v. *State*, 47 Miss. 581 ; *State* v. *Russell*, 26 La. An. 68 ; *Jarnagin* v. *State*, 10 Yerger, 529.

The interests of public justice require that the representatives of the State shall have power to invoke professional assistance for the prosecuting attorney when the occasion demands it. To deny the right of the prosecutor to needed assistance might often lead to the defeat of justice and the escape of offenders who justly merit punishment. The accused is at liberty to summon to his assistance the most learned lawyers and ablest advocates of the bar, and bare justice requires that the State should be granted a corresponding right to call to the aid of its prosecuting attorney counsel learned in the law. The forensic contest should be fought

with something like a just equality of opposing forces. Careful as the State is of the rights of those accused of crime, it does not yield the right to fairly oppose the array of talent summoned to the assistance of the accused. It is within the power of the representatives of the commonwealth to call to the relief of the prosecutor such professional aid as will prevent the defeat of justice, and will place the prosecution and the defence upon something like an equal footing.

The people do not surrender the right to employ just means of prosecuting criminals by choosing an officer and charging him with the special duty of prosecuting the pleas of the State. In committing to the prosecuting attorney the duty of prosecuting the violators of law, the community does not avow that it will not employ counsel to assist him when the occasion demands.

The court in which a charge preferred by indictment is pending is in a situation to correctly judge whether the case is one in which the prosecutor's request for professional assistance should be granted or denied. In no other officer or tribunal can the power of determining when assistant counsel shall be called be more appropriately lodged than in the court in which the trial takes place. The judge has adequate means of knowledge, and is solemnly charged with the duty of securing justice to the defendant and to the State. Better than any one else is he prepared to intelligently decide the question, for he knows the gravity of the charge as well as the power and influence of the prisoner's counsel, and knows, too, the need the attorney of the State has for professional assistance. The court having jurisdiction of felonies is not organized to acquit or to convict persons accused of crime, but to see that, if innocent, they have safe deliverance, and, if guilty, that they be justly punished. It is evident that the duty can not be efficiently discharged unless the court is invested with authority to call counsel to the assistance of the prosecutor when the interests of justice require it.

The court having cognizance of prosecutions for felonies is

one of general superior jurisdiction, and all reasonable presumptions are indulged in favor of the legality of its order and judgment where there are no countervailing circumstances. Ruled by this presumption, we must adjudge that the case before us was one in which the interests of justice required that the request of the prosecuting attorney for assistance be granted.

The decisions denying the authority of the county commissioners to employ counsel to assist in the prosecution of offenders, are pressed upon our attention, but it is quite clear that these decisions do not govern this case. The court which ordered the relator to assist the prosecutor is one of general jurisdiction, charged with the duty of administering the law and securing for the commonwealth and for the defendant a fair trial, whereas the board of commissioners is an inferior statutory tribunal, without any jurisdiction in prosecutions for criminal offences.

Assuming that the circuit court had authority to direct the employment of counsel to assist the prosecutor, there can be no difficulty in solving the question of the right to compensation. The State does not expect a man's service without fair compensation, nor can it, without violating the Constitution, compel an attorney to render services gratuitously. When the court directs a member of its bar to assist in the prosecution of a person accused of crime, it requires of him the bestowal of time, learning and labor, and these are things of value, for which justice, as well as the paramount law, requires that reasonable compensation shall be made. We have decisions establishing the principle upon which this conclusion rests, and lending strong support to the proposition already stated, that the circuit court had power to grant the petition of the prosecuting attorney. In *Webb* v. *Baird*, 6 Ind. 13, this court held that the circuit court had the power to appoint an attorney to defend a pauper, although there was no statute authorizing the appointment, and held, also, that the attorney appointed by the court was entitled to compensation.

The case named has received approval in *Board, etc.*, v. *Wood*, 35 Ind. 70, *Kerr* v. *State, ex rel.*, 35 Ind. 288, *Gordon* v. *Board, etc.*, 44 Ind. 475, and *Gordon* v. *Board, etc.*, 52 Ind. 322. In the latter case it was said: "In this State, courts are created by the Constitution and acts of the General Assembly (Const., art.7, sec. 1), and, when once established and their jurisdiction defined, they have the inherent power to perform the duties required of them, whether expressly granted or necessarily implied." The doctrine that all courts possess inherent powers has found expression and enforcement in many decisions of this court. *Curtis* v. *Gooding, ante*, p. 45; *Woods* v. *Brown*, 93 Ind. 164, see p. 168 (47 Am. R. 369); *Earle* v. *Earle*, 91 Ind. 27; *Little* v. *State*, 90 Ind. 338; S. C., 46 Am. R. 224; *Sanders* v. *State*, 85 Ind. 318; S. C., 44 Am. R. 29; *Nealis* v. *Dicks*, 72 Ind. 374.

As it is the duty of the trial court to administer justice by securing an impartial trial to the State and to the accused, it must possess the implied power to adopt means to effect that object. If, in the judgment of the court, an impartial trial can not be had without granting the prosecuting attorney the assistance which he asks, then the court necessarily possesses the implied power to grant what the officer requests. It can not be possible that a trial court is bound to permit a trial to proceed when it is informed that in order that it may be a just one the prosecutor needs professional assistance. The decisions to which we have referred do not, it is true, in terms affirm that counsel may be employed to assist in the prosecution of a person accused of crime, but they do establish a principle which directly leads to that conclusion. If there is a right to employ and pay counsel to defend, and if this right is inherent in the court, then it must follow that the State has a similar right to have counsel employed and paid to assist in the prosecution. Decisions rest, or, at least, should rest, on principle, and the principle which sustains the decisions in favor of the defendant, will, with equal strength, sustain a like decision in favor of the State.

Tull, Treasurer, *v.* The State, *ex rel.* Glessner.

The rule deducible from the decisions and principles of which we have spoken is, that a discretionary power, both as to the employment of assistant counsel and the amount of their compensation, is vested in the trial court. The appellate courts will not interfere with the reasonable exercise of this discretionary power, although they will review and rebuke an abuse of it. In the case at bar there is nothing showing an abuse of discretion; on the contrary, the power seems to have been wisely exercised.

The appellant's counsel contend that even if the court had power to direct the employment of assistant counsel, and to award compensation, still the writ should not have been granted, because, as they assert, the compensation should be paid by the State, and not by the county. The cases of *Webb* v. *Baird, supra, Board, etc.,* v. *Wood, supra, Kerr* v. *State, ex rel., supra,* and *Gordon* v. *Board, etc., supra,* establish a principle that is decisively against them, and the question may well be regarded as no longer an open one. It is true that the point here pressed was not distinctively made in those cases, but it is, nevertheless, involved and was decided. If the question were an open one, the decision should be that the county must pay the expense incurred in prosecuting persons who commit felonies within its limits. The policy of the common law was to make the inhabitants of the locality apprehend and punish criminals, and it is a wise and salutary one. By the common law the hundredors were bound to make hue and cry after the felon, and if they took him they stood excused, otherwise they were liable to the person who suffered injury from a felony committed in the hundred. 3 Bl. Com. 160. There are obvious and forcible reasons why the locality where a crime is committed should bear the expense of prosecuting the law-breakers, but, as the question is put at rest by our decisions, further discussion is unnecessary.

Judgment affirmed.

Filed Dec. 31, 1884.