Wilson, P. J.
At the beginning of a trial for murder the district attorney suggested to the court that by reason of the importance of the case he needed assistance in its prosecution and requested the appointment of counsel for that purpose. Thereupon the court appointed plaintiff Crump, a qualified and licensed member of the bar, who accepted and acted at the trial as such assistant. At the conclusion of the trial the court made an order directing that he be allowed the sum of two hundred dollars as compensation for his services, and that said amount be paid by Hinsdale county.
That the district court in this state has the power to appoint counsel to assist the district attorney in criminal trials cannot, we think, be questioned either on reason or authority.- The exercise of such power is not prohibited by statute, and belongs to the court independent of any express statutory grant or sanction. It is one of the inherent powers of a court of general jurisdiction, charged with the duty of ad *61 ministering the law and securing a fair trial not only for the defendant, but for the people of the state. It is a power which the interests of public justice require to be vested in the court. The nonexistence of the power might sometimes lead to the miscarriage of justice and facilitate the escape of offenders guilty of heinous crimes and who justly merit punishment. The exercise of the power is of course discretionary with the court, and this discretion is subject to review in the appellate tribunals as in other cases. — Tull v. The State, 99 Ind. 238, 31 Central Law Journal, 344.
In this case no abuse of discretion is made to appear. It is not necessary further to discuss the reason upon which the rule is founded, because it has been expressly recognized and settled by a prior adjudication of this court. — Raymond v. The People, etc., 2 Colo. App. 349.
The principle upon which this rule is based has been recognized and affirmed by our supreme court. The statutes of the state expressly provide for the appointment of a special attorney in criminal cases to act for and in place of the district attorney in certain specified contingencies, but our supreme court has held that the power of the district court to make such an appointment is not limited to the contingencies specified in the statute. It is within the inherent power of the court to appoint- in other cases where necessary in the furtherance of justice, and for the due administration of the law.- — Roberts v. The People, 11 Colo. 215; The People ex rel. Lindsley v. District Court, 29 Colo. 5, 66 Pac. 896.
The court having power to appoint an assistant to the district attorney it necessarily follows that such assistant is entitled to compensation for his services to be paid by the county, which is charged with the payment of the expenses of the prosecution in a *62 criminal trial. It is true that the statute does not make express provision for the payment of. such compensation nor prescribe the amount of it, but the same might be said of other expenses which are sometimes necessarily incurred in a criminal trial. All cannot be foreseen, and it might seriously interfere with criminal prosecutions if the court charged with the duty of hearing them had not the power to provide for these unforeseen contingencies. An attorney is an officer of the court, but the court would have no right to compel him by its order to bestow liis time, learning and labor in some matter without his being entitled to reasonable compensation therefor. Claims may and often do arise against a county of which the county commissioners are required to take cognizance which do not arise from any contract with the county, but which grow out of some duty imposed by law or from the act of some officer who is authorized and required by law to do certain things, in the doing of which an obligation may be created against the county not expressly provided. for by statute. — Tull v. The State, supra; Montgomery County v. Courtney, 105 Ind. 313.
It has been held in some jurisdictions that in cases where the statute makes no provision for the appointment of counsel to appear for pauper defendants and for their payment, the trial court may, however, appoint, and the appointee is entitled to compensation for his services to be paid by the county or by the state if it be chargeable with the expenses of criminal trials.
In County Commissioners v. Lee, 3 Colo. App. 181-182, cited by defendant, the question was as to the power of the trial court to allow to a witness a greater compensation than that fixed by statute. Even in that case it was impliedly conceded that the court might have under some circumstances the inherent *63 power in criminal prosecutions to contract liabilities for which the county would be responsible. It was held, however, that the case there presented did not come within the rule, or rather exception to the general rule, because it had not been shown and did not appear that the making of the order there in question had been necessary or essential “to the safe or successful administration of justice.”
It is conceded that the county commissioners have the power to employ and compensate from the county funds counsel to assist in criminal prosecutions. How much better prepared is the court in which the trial is to be had than the commissioners to determine when assistant counsel is needed and should be employed.
Whether the allowance by the district court for the services is conclusive as to the amount upon the commissioners, it is unnecessary for us to decide, because in this ease the order of the court fixing the compensation was presented to the commissioners by the plaintiff as a claim in his behalf for allowance, and they did not undertake to allow any lesser amount, in fact, took no action upon it at all. Whether the order of the court be conclusive or not as to the amount, it is certainly under the authorities at least prima facie proof of the value of the services.— Commissioners v. Pollard, 17 Ind. App. 474.
We see no force in the objection that the claim as presented to the commissioners was not verified, even if true, as to which we see no evidence in the abstract. The services having been rendered by order of the district court, we think that a certified copy of this order from the court of record by whose express order the expense was incurred, did not come within the requirement of the statute that a personal claim or account against the county presented for-allowance should be verified. The obligation grew wholly out *64 of that order, and the services were rendered in court. It would seem that this order or a certified copy of it should of itself be sufficient proof — which is the object of verification — to the county commissioners that the services had been, rendered. It appears that the board entertained the claim, making no objection because of want of verification, and the statute does not prohibit the allowance of unverified claims.
That this suit was brought before the commissioners had finally acted upon the claim can avail defendant nothing, because it appears that between the time of the filing of the claim or order and the bringing of the suit, eight meetings of the county commissioners had been held. Plaintiff had a right to assume under such circumstances that the claim had been disallowed.
After the trial had commenced, the court allowed the plaintiff to amend his complaint by interlineation, and defendant urges that this amendment constituted a departure, setting up an entirely different cause of action from that stated in the complaint. The original complaint alleged that the court ‘ ‘ appointed plaintiff as special prosecutor or prosecuting attorney to represent the people in the case of The People of the State of Colorado, plaintiff, and John Halpin, defendant, said case being a prosecution for murder, and that pursuant to said appointment plaintiff did act as special prosecutor for and on behalf of the people aforesaid, etc.” The amendment was the insertion of the words, “to assist the district attorney,” in place of the words, “as special prosecutor,” where they occur after the word “plaintiff.” Under the rule, well settled in such cases, the amendment was not a departure. — R. R. Co. v. Cahill, 8 Colo. App. 164; Messenger v. Northcutt, 26 Colo. 529.
There was no abandonment of the cause of action as stated in the complaint in any essential particular, *65 or in fact, as we view it, in any particular. A recovery upon the original complaint would undoubtedly have barred a recovery in a suit upon the complaint as amended. The cause of action in either case was the rendering of legal services as special counsel under appointment of the court in the prosecution of the case. Although the plaintiff may have assisted the district attorney, he was none the less a special counsel and a special prosecutor. The original complaint did not, as defendant contends, state a cause of action based upon the statute allowing the court in certain contingencies to appoint a special prosecutor or a special counsel to act for and in place of the district attorney. The complaint will bear no such construction.
The judgment will be affirmed. Affirmed.