M. E. MATHEWS v. BOARD OF COUNTY COMMISSIONERS OF LINCOLN
COUNTY.[1]

October 30, 1903.

Nos. 13,577—(86).

**County Attorney—Substitute.**

    Where, under G. S. 1894, § 813, a judge of the district court, upon due
    hearing, determines that a county attorney is disqualified from taking
    part in the prosecution of a person accused of crime, and directs another
    attorney of the court to conduct the same in place of the regular official,
    the substitute is entitled to receive compensation for the services he per-
    forms, under the court's appointment, from the county where the crime
    is alleged to have been committed.

Action in the district court for Lincoln county to recover from said
county $1,000 for professional services rendered by plaintiff as special
attorney for the county in the prosecution of a criminal action. From
an order, Webber, J., overruling a demurrer to the complaint, defend-
ant appealed. Affirmed.

*John T. P. Power,* for appellant.

There is no express provision of law upon which plaintiff can base
a claim against the county for compensation for services alleged to have
been rendered and the mere fact that he was required to perform the
said services does not furnish the basis of an implied contract of the
county to pay for the same. If plaintiff was appointed county attorney
he became a public officer and was bound to perform the duties of said
office for the compensation provided by law, and if none is provided
then the services are gratuitous. All payments from public funds for
official duties must rest upon legislative sanction, which is the ex-
clusive compensative and disbursing power of the government. Ras-
musson v. County of Clay, 41 Minn. 283; Wagener v. Board of Co.
Commrs. of Ramsey Co., 76 Minn. 368; Chapel v. Board of Co.
Commrs. of Ramsey Co., 71 Minn. 18; Hillman v. Board of Co.
Commrs. of Hennepin Co., 84 Minn. 130; State v. Smith, 84 Minn.
295; State v. Meserve, 58 Neb. 451.

[1] Reported in 97 N. W. 101.

Attorneys who are officers of the court, and also even private citizens, are often required to perform services for the public good for which the law does not provide any compensation and for which services no compensation can be recovered. In re Eaton, 7 N. D. 269; Hillman v. Board of Co. Commrs. of Hennepin Co., supra. The apprehension and trial of criminals is not a matter of local concern, but one in which the whole people of the state is interested, and the county is liable for those expenses which are provided for by the express terms of the statute. Northern v. Snyder, 113 Wis. 516.

*M. E. Mathews,* pro se. ·

The county is liable for the necessary expenses and services incident to the administration of the criminal law of the state although such liability is not specially declared by statute. Chafin v. Waukesha, 62 Wis. 463, and cases cited; Carpenter v. County, 9 Wis. *274; County v. Smith, 13 Wis. *585.

In this state the liability of the county for such expenses is expressly fixed by statute and is in the following language: The expenses of all criminal actions and proceedings shall be charged to and be defrayed by the county in which the crime is charged to have been committed. G. S. 1894, § 4950.

The court has authority to appoint a county attorney to act as or in the place of the county attorney (G. S. 1894, § 813), and the appointment will be considered to be upon good grounds, where the record is silent. State v. Borgstrom, 69 Minn. 508, 512, 543.

LOVELY, J.

Order overruling demurrer to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Defendant appeals.

It appears from the challenged pleading that a charge was made against one Warren in Lincoln county, for the crime of murder. At the October term, 1899, of the district court, it was formally represented to the presiding judge that the regular county attorney was disqualified to participate in the prosecution of the accused. The court, having found this to be the fact, appointed plaintiff, an attorney of the court, to assume the management of the criminal proceedings against

the accused. The appointment was accepted, the substitute took oath to perform the special services required according to law, attended the grand jury during the investigation of the charge against Warren, then prepared an indictment against him for murder in the second degree, which was duly returned. He also conducted the prosecution at the trial and to final judgment. Afterwards he presented a verified claim for his services to the board of county commissioners of Lincoln county. It was disallowed, whereupon he appealed to the district court, and according to statutory requirements filed the complaint before us for review.

The right of plaintiff to recover is denied upon the ground that the law fails to provide compensation for the services thus rendered, it being insisted that, where it is not proper for the regular county attorney to engage in the trial of a criminal cause, and the court appoints another attorney to meet the emergency, there is no statutory authority for imposing a liability upon the county to pay the special counsel therefor. That there is power to appoint special counsel to take the place of the regular county attorney under such circumstances is indispensable to the investigation of crime. Such an exigency has been provided for by G. S. 1894, § 813, in these terms:

> "The several judges of the district courts in this state may, by order to be duly entered on the minutes, at any term of the court, appoint any attorney of the court to act as or in place of, or to assist the county attorney in any business or proceeding before the grand jury, or in court, whether there be a county attorney present at such term or not; and the person so appointed shall take the usual oath of office and shall thereupon be fully authorized to be present before the grand jury at any time when the county attorney might by law be present before that body: provided that no compensation shall be paid by the county to such person so appointed by the court to assist the county attorney, when that officer is present at the term when such appointment is made, except the same be paid with the consent of the county attorney and be deducted from the regular salary of that officer."

Under the allegations of the complaint we are bound to presume that the provisions of this statute authorized the district court to make the appointment, and that in doing so it exercised a proper and legal discretion. State v. Borgstrom, 69 Minn. 508, 72 N. W. 799, 975. This cannot be seriously doubted, but it is urged that there is no express statutory provision imposing upon the county where the crime is charged to have been committed a liability to pay for the legal services of the appointee of the court. It is true that neither this nor any other enactment in explicit terms provides for payment of the legal services thus performed; hence, if the contention of defendant is well grounded, the attorney thus designated to meet the necessity arising from the disqualification and consequent inability of the regular county attorney to prosecute a criminal cause requires the substitute to bestow valuable professional labor to execute the trust imposed by the court without remuneration.

Under our state policy for the enforcement of the criminal statutes the counties of this state must assume the obligation to provide pecuniary recompense to secure efficient results. An official elected to the office of county attorney receives a salary to be fixed by the county board to be paid from the county treasury. G. S. 1894, § 532. Where this official is disqualified, the special attorney, as we have seen, may be appointed by the district judge, and such substitute must, to properly perform his duties, secure by legal process the attendance of witnesses to give evidence against the accused at the trial. These are to be paid by the county. Section 5593. There is obviously as much reason, though not expressed, that the lawyer under whose summons they come, and without whose assistance their testimony could not be utilized, should be paid in the same way. It is also provided that when any prosecution in the name of the state fails, the witness fees for the state shall be paid from the county treasury, unless otherwise provided by the court. Section 5594. The exception last noted without doubt refers to those cases where, under other statutory provisions, the costs and disbursements are adjudged against convicted persons and paid into the county treasury. Section 5514.

Again, the law is so solicitous to insure an accused person the manifest benefits of legal counsel at the trial that it provides compensation therefor when appointed by the court to defend an indigent defendant

in a criminal case. Section 6283. This compensation is made a county charge. It seems inconceivable that the legislature intended to discriminate in providing pay for the defending counsel, while it requires a special prosecutor to perform services as laborious for nothing. The other duties of the county attorney during the year may demand less work than the management of one important cause by the special attorney where the regular one is incapacitated, yet the regular official is paid, while, under the claims of counsel for defendant, the appointee of the court whose services may be of the highest necessity is subjected to an exacting and onerous imposition upon his time and talents without any reward. Such a view should not be adopted if any sensible construction of legal rules will relieve us from the suggested casus omissus in failing to provide pay where services are required for the benefit of the public service.

The legal enactments to which we have referred have been in force many years, and are sufficient to show that under our state policy the expenses of criminal trials are treated as county burdens, and the benefits from fines and costs inure to that corporate entity to minimize such expenses as far as may be; and it is very clear that the legislature has always acted upon the general view that any pecuniary charge of this character is exclusively of county cognizance. It has been held, upon a careful consideration, by high authority, that where no provision had been made for the compensation of counsel for indigent persons prosecuted for crime, the reasonable obligations to secure such benefits must be discharged by the county where the cause arose. Carpenter v. County, 9 Wis. *274. In a later case the same court, in construing a statute which authorized the appointment of counsel for a poor defendant where such person was accused of a criminal offense, conditioned that the county in which the same arose should not be held liable to pay therefor, it was held that an obligation to pay for services notwithstanding this restriction in favor of the county must be assumed by it not because the court who appointed the counsel was authorized to contract for the county or its officers, but upon the general doctrine that whoever knowingly receives or assents to the services of another, which are of value, whereby he contributes a benefit, thereby presumably creates an undertaking to pay what the services are reasonably worth. County v. Smith, 13 Wis. *585.

Conceding the beneficial nature of the work and the general means adopted to discharge all obligations of a similar character by the county to which we have called attention above, there is in section 813, supra, ground other than necessary policy or presumption that services exacted or received must be paid for by the county, viz., that of an employment directly authorized by the statute itself, and by a stronger implication than in the Wisconsin statute considered in the cases above cited. By recurring to the proviso in section 813, supra, it would seem that the legislature, in adopting this law, evidently understood and contemplated that the county was to be liable where the substitute to meet the existing necessity was appointed in place of the regular official; for it is therein provided in effect that, where such appointment had been made to assist the county attorney at his request, the compensation should not be paid by the county, but by that official himself. The inquiry is thus suggested, why prescribe that the regular county attorney shall pay for the assistant he has selected to act with him, that the county do not pay therefor, unless it was purposed to imply that, where the substitute was appointed in his place by the court when the county attorney could not request the same, the substitute would be paid by the county? This is but the application of a very familiar maxim, "Expressio unius est exclusio alterius," to avoid unjust and illegal results. It is but manifestly just that we should give force to this implication, rather than to hold that the legislature can command the time and services of any citizen not officially, but professionally, which does not concern the taxing power of the state, but relates exclusively to his private calling, for which he is to receive no remuneration. It might as well be said that the physician, surgeon, architect, or any other person should render gratuitous benefactions as that a lawyer must devote his time and labor to a particular case for nothing.

We have therefore reached the conclusion that the authority which is vested in the court to employ and require the services of counsel in a matter which involves the administration of justice is not, and was not intended to be, an enforced gratuity, but a county liability, to be discharged by the only municipal entity that is given plenary cognizance over the subject of compensation in cases of that character.

Order appealed from is affirmed.