JOHNSTON v. BOARD OF COM'RS OF MURRAY
·COUNTY.

No. 5533.   Opinion Filed May 23, 1916.

(158 Pac. 164.)

1.   CRIMINAL LAW—Appointment of Substitute Attorney—Statutory Provision. By sections 1598 and 6860, Comp. Laws 1909 (Rev. Laws 1910, sections 1558, 5908), the district court was authorized to appoint some suitable person to perform the duties of the county attorney in certain cases wherein proceedings had been commenced for the removal of the county attorney and certain other county officials, and it was made to appear that said county attorney was adversely interested in the proceedings for the removal of such other officials.

2:   PROSECUTING ATTORNEYS—County Attorneys—Appointment of Substitute—Right to Compensation. The person appointed to perform the duties of the county attorney under such circumstances is entitled to reasonable compensation for the services rendered, to be paid by the county.

(Syllabus by the Court.)

*Error from District Court, Murray County;
R. McMillan, Judge.*

Action by Henry S. Johnston against the Board of County Commissioners of Murray County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. E. Rice, Emanuel & Broadbent,* and *Henry S. Johnston,* for plaintiff in error.

*Ira M. Roberts,* County Attorney, for defendant in error.

HARDY, J.   Plaintiff in error, as plaintiff below, brought this suit against defendant in error to recover the value of services rendered in the district court of Murray county under an order of appointment as county

Johnston v. Board of Com'rs of Murray County.

attorney made on or about January 10, 1910, because of the inability and disqualification of the county attorney to appear therein. Demurrer was filed to plaintiff's petition and sustained by the court, and plaintiff, declining to plead further, prosecutes this appeal.

The petition alleges the legal existence and incorporation of Murray county and plaintiff's authority to practice law; that the judge of the district court of Murray county on January 11, 1910, because of the disqualification and adverse interest of the county attorney (said county attorney being defendant in some of the proceedings), appointed plaintiff to represent the state in seven cases for removal of various officials from office, and the petition sets out specifically the number and style of the cases in which said services were rendered, and alleges that plaintiff, in pursuance of said appointment, rendered services therein, and that the judge of said court made an order fixing his compensation for said services in the sum of $335, and that said order was presented to the board of county commissioners and by them disallowed, and that defendant by reason thereof is indebted to plaintiff in said sum.

By section 1598, Comp. Laws 1909, it is provided that:

"Each of the district courts, whenever there shall be no county attorney for the county, or when the county attorney shall be absent from the court, or unable to attend to his duties, may, if the court may deem it necessary, appoint by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose."

This section, with certain changes that will be noticed hereafter, is found in Rev: Laws 1910 as section 1558.

Section 6860, Comp. Laws 1909, is as follows:

"If the county attorney fails, or is unable to attend at the trial, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

This section is found in Revised Laws 1910 as section 5908.

It is admitted that under these sections, the district court of Murray county was clothed with authority to make the appointment in question. It is said, however, that no compensation was provided by law for the services so rendered, and therefore plaintiff is entitled to none, and, this being true, the petition did not state a cause of action. In support of this position section 3229, Rev. Laws 1910, is relied upon. This section is as follows:

"The county shall in no case be responsible for any fees, salaries or expenses for any county or subdivision officer unless expressly allowed by law."

This section of the statute was originally section 7, c. 69, Sess. Laws 1910, approved March 19, 1910, while the petition in this case alleges the services were rendered between the 11th day of January and the 21st day of January, 1910. Therefore the statute, if it were applicable to a claim for services of this character, which we do not decide, would not affect any right which plaintiff may have acquired prior to its enactment. The law in force at the time the alleged services were rendered made no provision for compensation in such cases, but

in the revision of the Code, sec. 1598, Comp. Laws 1909, was carried into the Revised Laws 1910 as section 1558, and was revised so as to authorize the appointment of a substitute for the county attorney when he was disqualified, and also made provision for compensation for such substitute.

Section 6112, Rev. Laws 1910, which was section 7128, Comp. Laws 1909, requires the court in all criminal cases, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, and where counsel is appointed and assigned for defense, to allow and direct to be paid by the county in which such trial is had, a reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render in an amount not to exceed $25 in any one case; and because provision is made by statute in this instance for compensation, it is argued that the failure to make provision for compensation where a substitute is appointed for the county attorney deprives such substitute of the right to draw compensation for services rendered by him.

Even in the absence of a statute providing for compensation to attorneys assigned for the defense of indigent defendants, it has been held that attorneys performing services of that character under appointment by the court are entitled to compensation therefor. In such case, the principle is the same as that here presented.

The Supreme Court of Iowa, in *Hall v. Washington County,* 2 G. Greene, 473, in discussing the right of an attorney who has rendered services in the defense of a person charged with crime under an appointment of the court to compensation for such services, said:

"If attorneys, as officers of the court, have obligations under which they must act professionally, they also have rights to which they are entitled, and which they may justly claim in common with other men in the business of life. Among these rights, that of reasonable compensation for services rendered in their profession is justly to be considered. The exercise of judicial power, in order to effectuate the common and statute law, frequently becomes necessary, and must exist incidentally. By virtue of such power, auditors, commissioners, masters in chancery, etc., are appointed and act, and proper compensation is awarded to them. All the officers of the court are recognized as being, on just consideration, entitled to fees for official services performed. All that has been done by the law is merely to limit them in amount. Why should the attorney at law be made an exception to this general principle? We see no good reason for it. His time, labor and professional skill are his own. He should not be required to bestow them gratuitously at the will of the court, any more than should any other officer."

In *County of Dane v. Smith,* 13 Wis. 585, 80 Am. Dec. 754, the Supreme Court of Wisconsin, in discussing the right of the Legislature to exempt a county from liability for such services, said:

"Can the Legislature do this? Can they command the time and services of the citizen, not officially, but professionally, not in a matter which concerns the taxing power, the general enforcement of the laws, or the public defense, but in one which relates exclusively to his private trade or calling, and then say that he shall receive no pay for them? We are of opinion that they cannot. We think that there is a limit to legislative authority in these particulars, and that that limit will be found in the legitimate accomplishment of some one of the general purposes above indicated. We do not believe that the Legislature have the power generally to say to the phy-

sician, the surgeon, the lawyer, the farmer, or any one else, that he shall render this or that service, or perform this or that act in the line of his profession or business, without remuneration. If they could do so in one instance, they could command his whole time and services in the same manner, a stretch of power for which, we believe, no one will contend. *Carpenter v. County of Dane*, 9 Wis. 274."

. The right of attorneys to receive compensation for performing services for the state and county by assisting the county attorney or rendering services in his stead, where he is absent or for other reasons is unable to discharge his duties and render such services, is usually regulated by statute, but we are not without authority on this precise question in the absence of statute.

In *White v. Polk County*, 17 Iowa, 413, plaintiff was appointed by the district court of Polk county as special prosecutor for the August term, 1861, and brought action to recover for the value of the services rendered pursuant to such appointment. In passing upon his right to compensation the court said:

. "That the person thus appointed is entitled to a reasonable compensation, for what his services are reasonably worth, will hardly be denied."

. The Supreme Court of Indiana, in *Tull v. State*, 99 Ind. 238, in upholding the right to compensation under circumstances here involved, said:

"The state does not expect a man's service without fair compensation, nor can it, without violating the Constitution, compel an attorney to render services gratuitously. When the court directs a member of its bar to assist in the prosecution of a person accused of crime, it requires of him the bestowal of time, learning and labor, and these are things of value, for which justice, as

well as the paramount law, requires that reasonable compensation shall be made."

In *Board of Commissioners of Hinsdale County v. Crump,* 18 Colo. App. 59, 70 Pac. 159, it is said:

"The court having power to appoint an assistant to the district attorney, it necessarily follows that such assistant is entitled to compensation for his services, to be paid by the county, which is charged with the payment of the expenses of the prosecution in a criminal trial. It is true that the statute does not make express provision for the payment of such compensation nor prescribe the amount of it; but the same might be said of other expenses which are sometimes necessarily incurred in a criminal trial. All cannot be foreseen, and it might seriously interfere with criminal prosecution if the court charged with the duty of hearing them had not the power to provide for these unforeseen contingencies. An attorney is an officer of the court, but the court would have no right to compel him, by its order, to bestow his time, learning, and labor in some matter without his being entitled to reasonable compensation therefor." *State v. Moore,* 1 Ohio Dec. (Reprint) 506; *Mathews v. Board Com'rs Lincoln County,* 90 Minn. 348, 97 N. W. 101.

The right of an attorney, appointed by the court to perform professional services for the county in matters other than that of defending a person charged with crime or rendering services in behalf of the state in assisting the county attorney or acting as his substitute, to receive compensation therefor has been sustained in other cases.

In *Steele v. County of North Hampton,* 1 North Hampton County Rep. 407 (Pa.), an attorney had been appointed by the court to bring suit upon the official bond of a prothonotary to recover moneys paid into court and misappropriated by him, and it was held that such at-

torney was entitled to recover compensation from the county for such services.

In *Hyatt v. Hamilton County,* 121 Iowa, 292, 96 N. W. 855, 63 L. R. A. 614, 100 Am. St. Rep. 354, the Supreme Court of Iowa held that an attorney who commenced and prosecuted disbarment proceedings against another attorney under direction of the court might recover from the county a reasonable compensation for his services in the absence of a statutory provision therefor.

The Court of Appeals of Kentucky in *Terrell v. Trimble County,* 128 Ky. 519, 108 S. W. 848, held that notwithstanding the salary paid to the county attorney under Ky. St. 1903, sec. 132, was in full for all his official services, including those required of him expressly by statute and those rendered by direction of the fiscal court in the prosecution and defense of actions under Ky. St. 1903, sec. 127, yet, when it required him to go outside the county and prosecute a case and authorized him to employ counsel to assist him and acquiesced in such employment, the county was responsible for his expenses and for the compensation of the counsel employed to assist him. There are cases found to the contrary, but the reasoning of the cases which we have cited impresses us as being the sounder rule and one that is more just. An attorney's learning, skill, and time are valuable to him, just as the learning, time, and skill of physicians, surgeons, accountants, and other men skilled in their particular profession, and while as an officer of the court he is under obligations to accept an appointment and discharge the duties imposed thereby, yet there is no more reason or authority for him to render these services without compensation than there would be to require of the physician or of the accountant or of any person skilled in his par-

ticular line to render similar services to the public without compensation.

In the case at bar the county attorney was a defendant in one of the cases, and the others were of a kindred nature pending against other officers of the county, and it is made to appear that the county attorney was adversely interested therein, and the authority of the court to make the appointment not being questioned, and it being admitted that the services were in fact rendered as alleged, and that defendant board of county commissioners has failed and refused to pay the same, the petition states a cause of action, and the court committed error in sustaining a demurrer thereto.

The judgment is therefore reversed, and the cause remanded.

All the Justices concur, except THACKER, J., absent.