**BOARD of COUNTY COMMISSIONERS of OKLAHOMA COUNTY v. McWILLIAMS.**

No. 11724—Opinion Filed Sept. 18, 1923.

**1. Coroners — Statutes — Fee and Salary Law—Justices of the Peace.**

Under the County Fee and Salary Law passed by the second Legislature justices of the peace, when acting as coroners, are entitled to a fee of $2 therefor, to be paid by the county upon approval of the claim by the board of county commissioners, and this compensation is exclusive.

**2. Same—Invalidity of Statute.**

The Legislature, in adopting the Revised Laws 1910, recognized that no such office as coroner existed in this state, by virtue of Const., sec. 2, art. 17, and therefore the inclusion therein of section 1684 was evidently an oversight, since fees of an office which does not exist are not a proper subject for legislation. There being no subject upon which such section could operate, its inadvertent retention in that revision cannot form the basis of a claim for compensation thereunder by a justice of the peace performing the duties of coroner.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action in the district court upon appeal by A. W. McWilliams, Justice of the Peace, as plaintiff, against the Board of County Commissioners of Oklahoma County, as defendant, from the action of said board in disapproving and disallowing his claim for $43.50 as fees claimed by him while performing the duties of coroner. Judgment for plaintiff for the amount sued for, and the defendant brings error. Reversed, with directions.

On April 7, 1920, the board of county commissioners of Oklahoma county rejected the claim of A. W. McWilliams, a justice of the peace of Oklahoma county, filed March 30, 1920, for the sum of $43.50 for holding 19 inquests while performing the duties of coroner, and from the action of the board in rejecting said claim, the said A. W. McWilliams appealed to the district court. No question is raised here as to the regularity of all proceedings in the appeal of said matter to the district court. In the district court the board of county commissioners filed a general demurrer to the petition of plaintiff and on May 1, 1920, the cause was heard in the district court and the demurrer of defendant was by the court overruled. Defendant excepted to the action of the court in overruling its demurrer, elected to stand thereon and gave notice of intention to appeal to the Supreme Court of the state.

Thereupon judgment was rendered in favor of the plaintiff for the sum of $43.50, the amount claimed, together with costs, to the entering of which judgment defendant reserved its exception. By agreement of attorneys appearing in their briefs this entire proceeding seems to have been prosecuted as a test case to have definitely determined what fees or compensation a justice of the peace in this state, when performing the duties of coroner, is entitled to receive, and this is the one question presented in this court. The parties will be hereafter referred to as plaintiff and defendant as they appeared in the trial court.

Forrest L. Hughes, Co. Atty., and M. S Singleton, Asst. Co. Atty., for plaintiff in error.

L. D. Mitchell and Lloyd L. Smith, for defendant in error.

Opinion by LOGSDON, C. This proceeding involves the construction of Comp. Stat. 1921, sec. 5889 (Rev. Laws 1910, sec. 1689), in connection with Comp. Stat. 1921, sec. 6452 (Rev. Laws 1910, sec. 3227). Section 5889 provides:

"When there is no coroner, or in case of his absence or inability to act, any justice of the peace of the same county is authorized to perform the duties of coroner, in relation to dead bodies, and the justice so acting shall receive same fees as coroners."

Section 5884 (Rev. Laws 1910, section 1684), provides:

"The coroner shall receive the same fees for summoning jurors and subpoenaing witnesses as is allowed the sheriffs, and for issuing warrants the same fees as are allowed to a justice of the peace."

Section 6432 (Rev. Laws 1910, section 3227), so far as applicable to this inquiry, reads:

"Justices of the peace shall be allowed to charge, receive and collect the following fees, and none other, to wit: * * * For summoning jurors, witnesses, administering oath, viewing dead body, and making report of proceedings, $2.00."

Sections 5884 and 5889, supra, are parts of the Coroner's Act passed by the Territorial Legislature and which became effective March 15, 1893. When the Constitution was framed, its framers and the people in adopting it, saw fit to eliminate the coroner from the list of county officers provided for by sec. 2, art. 17. This would have resulted in eliminating the Coroner's Act of 1893 from the laws of the territory extended to and put in force in the state by virtue of sections 2 and 18 of the Schedule to the Constitution

had it not been for the provisions of section 5889, supra. But by this latter section of Coroner's Act became applicable in so far as it prescribed the procedure, and was not repugnant to the Constitution. Therefore, the duties of coroner became germane and appurtenant to the office of justice of the peace upon the advent of statehood. Under Wilson's Statutes 1903, section 3036, prescribing fees for justices of the peace, and which was extended in force in the state by the Schedule, sections 2 and 18, no fees were prescribed for justices when acting as coroners, and if no other provision was made for them, justices, when acting as coroners after statehood were entitled to reasonable compensation, to be determined by the board of county commissioners upon verified claims filed, until the Legislature of the state fixed that compensation by general law. Bohart v. Anderson, 24 Okla. 82, 103 Pac. 742; Johnston v. Board of Com'rs of Murray Co., 53 Okla. 693, 158 Pac. 164.

This was done by the second Legislature in 1910, when it passed and the Governor approved the County Fee and Salary Law, the 36th section of which has become section 6432, supra. By its terms, justices of the peace, when acting as coroners, are permitted to charge as fees $2, "and none other," for the duties so performed. The phrase "and none other" necessarily repealed all former laws relating to fees or compensation of justices of the peace. That this was the intention of the Legislature is manifested by section 40 of the County Fee and Salary Law, which has become section 6457 of the Comp. Stat. 1921, and which reads:

"Any public officer who shall knowingly charge, demand or receive any fees not provided by law, or who shall charge, demand or receive any greater fees than are hereby provided in this article shall be deemed guilty of a misdemeanor, and shall, upon conviction, be fined in any sum not less than five hundred dollars for each and, every offense and shall forfeit his office and shall be barred from holding any office of trust in this state thereafter."

It is contended in effect by plaintiff that since section 5889, supra, was adopted by the Legislature as section 1689 of the Revised Laws of 1910, in which also appears the County Fee and Salary Law passed by the second Legislature, including section 6432, supra, which appears therein as section 3227, therefore, it was the intention of the Legislature in adopting the Revised Laws of 1910 to re-enact the fee statute of 1893 in favor of justices of the peace when acting as coroners. This contention might be plausible were it not for the language used by

the Code Commission as a headnote to the article on coroners in Revised Laws 1910, and which was before and evidently considered by the Legislature in its adoption. This headnote reads:

"Effective March 15, 1893. By reason of the omission of the coroner from the county officers prescribed by section 2, art. 17, Const., there is now no such officer in the state; but as justices of the peace perform the functions of coroner (section 1689) the procedure set forth in this article must be preserved for their guidance."

It is thus apparent that the Code Commission and the Legislature both recognized that no such office as that of coroner existed, and the first section of the Coroner's Act, providing for his election every two years, was omitted, and to say that either or both intended to provide fees for an office which did not exist is to convict of an absurdity. It was the "procedure set forth," which was intended to be preserved, and the compensation of an officer is no part of the procedure of his office. Since no fees could be legally provided for an office which did not exist, to say that justices of the peace shall perform the duties of coroner for the "same fees as coroner" is to require them to work without any compensation, which is unreasonable. The second Legislature had provided compensation for this class of services, not for coroner, which did not exist, but for justices of the peace when acting as coroner, a perfectly legitimate subject of legislation. It is evident that the retention of section 1689 in the Revised Laws 1910, was an oversight.

Plaintiff uses this language in his brief:

"There are in the state of Oklahoma today 750 justices of the peace. Is it reasonable to presume that the Legislature intended that those 750 officers should perform their own duties and in addition thereto perform all the duties formerly imposed upon the coroners under the Coroner's Act, for the additional sum of $2 maximum for each case. where some of these cases last as long as two weeks?"

A complete answer to this question is found in the case of Finley v. Territory ex rel. Keys, 12 Okla., sp. cit. 645, 73 Pac. 280, where this language is used:

"But it is argued by counsel for plaintiff in error that the duties devolving upon the probate judge in respect to townsite matters necessarily involve a vast amount of labor, and that it is not contemplated that he should bear the burden, worry and expense of so onerous a duty without receiving just compensation for such additional labor. We think this question should be addressed to

the legislative branch of our government and is not a matter for judicial interpretation. The Legislature has the power to fix the salaries or compensation of all territorial officers, including probate judges, and if the salary or fees which the law now allows the probate judges is inadequate, and not commensurate with the duties that they perform, it is within the power of the Legislature to change or modify the law so as to make the fees or salary commensurate with the duties performed. And if the law as now framed does not afford adequate compensation for the faithful performance of the duties imposed upon the probate judges, an appeal must be made to the Legislature for its modification. It is an elementary principle of law, and requires no citation of authority, that a public officer is bound to perform the duties of his office, however onerous they may be, for the compensation fixed by law."

A question raised by defendant in its brief is whether the fees of a justice of the peace when acting as coroner are criminal fees so that a recovery of only fifty per cent. against the county in this case is authorized under section 3230, Rev. Laws 1910. This question must be answered in the negative. A justice of the peace when acting as a coroner acts judicially only in determining the necessity for an inquest. Thereafter his acts are ministerial, and his claim for compensation is to be acted upon in the same manner as claims of other ministerial officers. Stults v. Board of Commissioners (Ind.) 81 N. E. 471; County of Lancaster v. Mishler (Pa.) 45 Am. Rep. 402; Clark v. Callaway (Ark.) 12 S. W. 756; Cox v. Royal Tribe (Ore.) 71 Pac. 73. In the first case last above cited this language is used:

"The coroner stands as an ordinary ministerial officer in respect to his claims for allowances. While the fact that he has held an inquest may, in view of the presumption of regularity of official action, create a presumption that he was warranted in so doing, yet, when his claim against the county is heard, the question is whether a case is made out for the allowance of his demand. The board of commissioners is required to pass on the claim, and the allowance of it depends upon whether it be found to be "just and owing.""

It is therefore concluded that under the law of this state justices of the peace, when performing the duties of coroner, are entitled to a fee of $2 "and none other," and that when such claim is presented to and approved by the board of county commissioners, it becomes a legal charge against the county for the full sum of $2.

The judgment of the trial court should therefore be reversed, with directions to vacate the judgment heretofore rendered, and to enter judgment in conformity with the views herein expressed.

By the Court: It is so ordered.